ACCEPTED
04-15-00521-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/24/2015 4:03:07 PM
KEITH HOTTLE
CLERK

# 04-15-00521-CV

_____ - CV

IN THE FOURTH COURT OF APPEALS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/24/2015 4:03:07 PM
KEITH E. HOTTLE
Clerk

IN THE ESTATE OF REBECCA QUIRIN MARSHALL, DECEASED

*Appellants*

V.

TURNBULL LAND & CATTLE, LTD., ET AL.

*Appellees*

*Appealed from Bexar County Probate Court, No. 1, Bexar County Texas*
*Hon. Kelly M. Cross, Judge Presiding*

**APPELLANT'S PETITION FOR PERMISSION TO APPEAL
THE TRIAL COURT'S ORDER ON THE PARTIES'
MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Stanley Bernstein
State Bar No. 02218900
George LeGrand
State Bar No. 12171450
LEGRAND & BERNSTEIN
2511 North Saint Mary's Street
San Antonio, Texas 78212
210 – 733 – 9439 Telephone
210 – 735 – 3542 Facsimile
sb@legrandandbernstein.com
gl@legrandandbernstein.com

John Milano, Jr.
State Bar No. 14035600
Attorney at Law
508 West Lookout Drive, Ste. 14-1018
Richardson, Texas 75080
214 – 673 – 9400 Telephone
johnmilanojr@earthlink.net

ATTORNEYS FOR APPELLANTS,
ESTATE OF REBECCA QUIRIN MARSHALL, DECEASED

# IDENTITY OF PRESIDING JUDGES, PARTIES, COUNSEL & COMMON SOURCE OF TITLE

1. **PRESIDING JUDGES & COURTS**

   Honorable Stella Saxon (since retired)
   218th Judicial District Court, Karnes County, Texas
   Cause No. 12-11-00245-CVK

   Honorable Kelly M. Cross,
   Probate Court No. 1, Bexar County, Texas
   Cause No. 2014-PC-3055

2. **PLAINTIFF:**

   THE ESTATE OF REBECCA QUIRIN MARSHALL, DECEASED by and through the Independent Executor, Rebecca Genevieve Hanna

3. **PLAINTIFF'S ATTORNEYS:**

   Mr. John Milano, Jr.
   Bar No. 14035600
   Attorney at Law
   508 West Lookout Drive, Ste. 14-1018
   Richardson, Texas 75080
   214-673-9400
   johnmilanojr@earthlink.net

   Mr. George LeGrand
   Bar No. 12171450
   Mr. Stanley Bernstein
   02218900
   LEGRAND & BERNSTEIN
   2511 North Saint Mary's Street
   San Antonio, Texas 78212-3739
   210-733-9439
   sb@legrandandbernstein.com
   gl@legrandandbernstein.com

Mr. Aubrey J. Flowers
Bar No. 07175000
Attorney at Law
20540 Highway 46 West, Suite 115
Spring Branch, Texas 78070
210-834-5670
ajflowerslaw@yahoo.com

Mr. Joe Hely
Bar No. 09407560
J.W. HELY, P.C.
4047 Broadway
San Antonio, Texas 78209
210-520-8960
joe@jwhelypc.com

4.    **DEFENDANTS:**[1]

TURNBULL LAND & CATTLE, LTD;
PAUL R. TURNBULL, III, INDIVIDUALLY
REBECCA TURNBULL CROW, INDIVIDUALLY
PAUL R. TURNBULL, AS MANAGING PARTNER OF PRTJRT, LLC

---

[1] For purposes of this motion, Plaintiffs will refer to "the Turnbulls" collectively, which term includes Defendants and their immediate predecessors in interest, Margaret Rose Turnbull and Paul R. Turnbull, Jr.

It appears from the abstract of title provided by the Turnbulls that the Defendants acquired their interest in the subject property by virtue of several transactions; first by Gift Deed dated December 6, 1976 from Margaret Turnbull to her son, Paul R. Turnbull, Jr., and, after his death, a Trustees' Deed from the trustees of the Paul R. Turnbull, Jr. Trust to Turnbull Land & Cattle, Ltd. a Texas limited partnership.

The property conveyed to the limited partnership was not specifically described in the deed, rather, reference was made to the Marshall deed to Margaret Turnbull dated December 3, 1976, which was stated to be attached to the Trustees' Deed and made a part thereof "for all purposes." The Trustees' deed was also made subject to "any and all oil, gas and mineral reservations, mineral leases . . ." relating to the property.

**5.    DEFENDANTS' ATTORNEYS:**
Mr. Richard W. Crews, Jr.
Bar No. 05075500
HARTLINE DACUS BARGER DREYER LLP
One Shoreline Plaza
800 N. Shoreline Blvd., Ste 2000-N. Tower
Corpus Christi, TX 78401
361-866-8000
rcrews@hdbdlaw.com

Mr. Robert B. Wallace, Jr.
Bar No. 20778900
WALLACE & WHEELER, LLP
711 N. Carancahua, Suite 800
Corpus Christi, TX 78401
361-884-8811
bobwallacejr@att.net

**6.    SETTLING DEFENDANTS:**
MARATHON OIL EF, LLC
GULFMARK ENERGY, INC.
HILCORP ENERGY CO.
HOUSTON PIPE LINE COMPANY LP
TEXAS CRUDE ENERGY, LLC
YALLINGUP OIL & GAS, INC.

**7.    SETTLING DEFENDANTS' ATTORNEYS:**
Mr. Bill Kroger
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street Houston, Texas 77002-4995
*Attorneys For Defendants Marathon Oil EF LLC, Gulfmark Energy, Inc., Houston Pipe Line Company LP, Texas Crude Energy, LLC, And Yallingup Oil & Gas, Inc.*

Gregg C. Laswell
HICKS THOMAS LLP
700 Louisiana Street
Houston, Texas 77002-2723

*Attorney For Defendant Hilcorp Energy Co.*

## 8. COMMON SOURCE OF TITLE – GRANTORS IN DEED TO SAMUEL F. AND REBECCA MARSHALL

Ernest M. Poenisch, Jr., Individually

Ernest M. Poenisch, Jr., as Trustee of the Gary Maurice Poenisch Trust

Alvin C. Poenisch

Donald L. Poenisch

Clayton E. Poenisch

Cecil E. Burney and Ernest M. Poenisch, Jr. as Trustees under the Will of Della I. Poenisch, Deceased (Trusts A, B, C, & D)

Lillian Poenisch, pro forma as the widow of Ernest M. Poenisch, deceased

Mrs. Donald L. Poenisch, pro forma as the wife of Donald L. Poenisch

Mrs. Clayton E. Poenisch, pro forma as the wife of Clayton E. Poenisch

*Hereinafter referred to collectively as "the Poenisches"*

# TABLE OF CONTENTS

IDENTITY OF PRESIDING JUDGES, PARTIES & COUNSEL, SETTLING PARTIES & COUNSEL AND COMMON SOURCE OF TITLE .........................ii

TABLE OF CONTENTS ................................................................ vi

APPENDIX INDEX ..................................................................... viii

INDEX OF AUTHORITIES ........................................................... ix

STATEMENT OF THE CASE ......................................................... 1

      A.  Nature of the Case ........................................................ 1

      B.  Proceedings in the Trial Courts ....................................... 2

      C.  The Judgments of the Trial Courts .................................... 4

      D.  Request for Permission to Appeal ..................................... 6

      E.  Accelerated Appeal ...................................................... 6

STATEMENT OF JURISDICTION .................................................. 6

ISSUE PRESENTED ................................................................... 6

STATEMENT OF FACTS ............................................................. 6

SUMMARY OF THE ARGUMENT .................................................. 9

ARGUMENT AND AUTHORITIES

      I.  The Trespass to Try Title Cause of Action ........................... 11

          A.  The Elements of the Cause of Action ................................ 11

    B. The Common Source of Title.................................................12

        1. The Poenisch deed ..................................................12

        2. The Marshall deed ..................................................12

II. Plaintiff's Trespass to Try Title Claim ....................................12

    A. General Rules – Mineral Estate & Lease Construction ................14

    B. General Rules – Reservation and *Exception* Construction ...........14

    C. General Rule – Reference to Another Deed.................................15

    D. Marshall Deed Analysis .......................................................16

        1. Granting Clause ....................................................16

        2. Exceptions 1-10 & 12 ..............................................16

        3. *Exceptions* 13-15 ................................................16

        4. *Exception* 11 .....................................................17

        5. Habendum Clause ..................................................20

III. The Severed Fee Mineral Estate Was Excepted
From The Marshall Deed............................................................20

IV. The Quitclaim Did Not Convey Any Part of the
Severed Fee Mineral Estate .......................................................21

V. Judge Saxon's Order Raises More Questions Than it Answers.............22

PRAYER.........................................................................................24

CERTIFICATE OF COMPLIANCE Tex. R. App. P. 9.4 (i)(1)....................25

CERTIFICATE OF SERVICE ...............................................................26

APPENDIX

# APPENDIX INDEX

Judge Stella Saxon's Order on Motions for Summary Judgment in Karnes County 81st District Court Cause No.12-11-00245-CVK, dated Dec. 18, 2014 ...................................................................................... A

Judge Kelly M. Cross' Order Authorizing Interlocutory Appeal in Bexar County Probate Court No. 1 Cause No. 2014-PC-3055, dated August 14, 2015 ........................................................................................ B

Certified Copy of Poenisch to Marshall Deed.......................................................... C

Certified Copy of Marshall to Turnbull Deed .......................................................... D

Certified Copy of Quitclaim Deed............................................................................. E

# INDEX OF AUTHORITIES

## <u>CASES</u>

*Cockrell v. Texas Gulf Sulfur Co.,*
157 Tex. 10, 299 S.W.2d 672 (1956) ................................................................ 14, 19

*Carminati v. Fenoglio,*
267 S.W.2d 449 (Tex. Civ. App.—Fort Worth 1954, writ ref'd n.r.e.) .................. 22

*Donnell v. Otts,*
230 S.W. 864 (Tex. Civ. App.—Fort Worth 1921, no writ) ............................ 14, 15

*Harris v. Currie,*
142 Tex. 93, 176 S.W.2d 302 (1943) ...................................................................... 14

*Humphreys-Mexia v. Gammon,*
113 Tex. 247, 254 S.W. 296 (1923) .................................................................. 14, 21

*Johnson v. Fox,*
683 S.W.2d 214 (Tex. App.—Fort Worth 1985, no writ) ........................................ 19

*Jupiter Oil Co. v. Snow,*
819 S.W.2d 466 (Tex. 1991) ............................................................................ 16, 17

*Klein v. Humble Oil & Refining Co.,*
67 S.W.2d 911, 915 (Tex. Civ. App.—Beaumont 1934)
*affirmed,* 126 Tex. 450, 86 S.W.2d 1077 (1935) ................................................... 15

*Luckel v. White,*
819 S.W.2d 459 (Tex. 1991) .................................................................................... 17

*Martin v. Amerman,*
133 S.W.3d 262 (Tex. 2004) .................................................................................... 11

*Pich v. Lankford,*
157 Tex 335; 302 S.W.2d 645 (1957) ...................................................................... 15

*Plumb v. Stuessy,*
617 S.W.2d 667 (Tex. 1981) .................................................................................... 12

*Remuda Oil Co. v. Wilson,*
264 S.W.2d 192 (Tex. Civ. App.—Galveston 1954, writ ref'd n.r.e.)..................15

*Smith v. Williams,*
786 S.W.2d 665 (Tex. 1990) ..................................................................21

### CODES & RULES

TEX. CIV. PRAC. & REM. CODE §51.014...........................................................6

TEXAS ESTATES CODE §34.001 .....................................................................4

TEX. PROP. CODE § 22.001(a) .....................................................................11

TEX. R. APP. P. 9.4(i)(1).........................................................................25

TEX. R. APP. P. 28.3..............................................................................6

TEX. R. APP. P. 28.3(e)(4) .......................................................................9

TEX. R. CIV. P. 13................................................................................10

TEX. R. CIV. P. 166a..............................................................................2

TEX. R. CIV. P. 166a(c) ..........................................................................23

TEX. R. CIV. P. 168................................................................................6

TEX. R. CIV. P. 783 – 809 .........................................................................11

TEX. R. CIV. P. 789................................................................................11

### OTHER AUTHORITIES

Black's Law Dictionary (5th ed., 1979) ......................................................18

# STATEMENT OF THE CASE

### A.  *Nature of the Case*:

This case presents an appeal from an interlocutory order on Plaintiff's motion for partial summary judgment on the issue of title to a severed fee mineral estate and the reversionary interest in three leases. Plaintiff claims the fee mineral estate and reversionary interests of a 4002 acre more or less tract of land in Karnes County, Texas, were excepted from a conveyance from Samuel and Rebecca Marshall to Margaret Rose Turnbull. (Ex. D)

If Plaintiff's application to appeal the interlocutory order is accepted, this court will be asked to decide whether, as a matter of law, the word *"exception,"* as it twice appears in the habendum clause of the deed referred to above, excepted from the conveyance the severed fee mineral estate and the reversionary interests in three leases the Marshalls had executed prior to the deed. So as to make the presentation of Plaintiff's argument less cumbersome, and since both the severed fee mineral estate and the reversionary interests in the three leases appear in the list of exceptions in the deed at issue, both will be hereinafter referred to as "severed fee mineral estate" unless the context of the argument requires otherwise. Plaintiff will establish that as a matter of law, exception means exception, and the severed fee mineral estate was not conveyed to Turnbull.

The court will also be asked to determine whether the quitclaim deed (Ex. E) relied on by Defendants to render moot the fact that the Marshall deed did not

convey any part or aspect of the severed fee mineral estate, was competent to convey all or part thereof. Plaintiff will establish that when the surface and mineral estates have been severed, a quitclaim deed that only describes "real property" merely as "that certain land," without specific reference to the severed fee mineral estate or the reversionary interests in the three leases, is incompetent to convey those interests.

**B.** *Proceedings in the Trial Courts:*

Plaintiff filed the lawsuit on November 16, 2012 in the 81st Judicial District Court of Karnes, County, Texas, the Honorable Stella Saxon, Judge Presiding. It was assigned Cause No. 12-11-00245-CVK.

Defendants answered and thereafter, Plaintiff settled with the "Settling Defendants." The Turnbulls answered "not guilty" as required by statute and interposed several defenses. They also asserted a counterclaim alleging that Plaintiff's claims against them are groundless and brought in bad faith and sought sanctions and other relief pursuant to Tex. R. Civ. P. 13.

In an effort to save judicial resources and time and expense to the litigants, Plaintiff identified the matter of title as the threshold issue, and on March 14, 2014, filed an interlocutory Motion for Partial Summary Judgment on the trespass to try title claim. Tex. R. Civ. P. 166a. Plaintiff argued that the unambiguous terms of two deeds, one from the Poenisches to Samuel and Rebecca Marshall (Ex. C, hereinafter the "Poenisch deed") and the other, a deed from the Marshalls to

Margaret Rose Turnbull (Ex. D, hereinafter the "Marshall deed"), established as a matter of law that the severed fee mineral estate of the realty in question was excepted from the Marshall's conveyance to Turnbull. Defendants responded to the motion and filed a cross motion for summary judgment on April 14, 2014. The response and cross motion referred to a quitclaim deed executed some 2 (two) years after the Marshall deed (Ex. E, hereinafter the "quitclaim"). Defendants' Response alleged that the quitclaim rendered Plaintiff's claims to the fee mineral estate moot. Defendants' Cross Motion was no more than a negative of Plaintiff's claim, that is, that the Marshall's unambiguously conveyed the fee mineral estate to Turnbull.

As a result of arguments on preliminary motions that Judge Saxon considered before the motions for summary judgment were submitted, she ruled that the three deeds were unambiguous, and that they were the only evidence that she would consider in passing on the competing motions. Her ruling was incorporated into her interlocutory order that Plaintiff seeks to appeal in this proceeding.

Of particular importance regarding the quitclaim are the facts: (1) that at the time it was given, the surface and mineral estates had been severed as a matter of law; (2) that the quitclaim does not refer to the mineral estate; and (3) that the property description in the quitclaim omits several hundred acres of the realty in question.

## C.     *The Judgments of the Trial Courts:*

Judge Saxon's order, dated December 18, 2014, does not explain her interpretation of the deeds, but merely states that Defendants' cross motion for summary judgment is granted and Plaintiff's motion for partial summary judgment is denied.  A copy of her interlocutory order is attached hereto as Exhibit A.

It is important to note that December 18, 2014, was Judge Saxon's last day as an active district court judge, and that the hearing on the motion to enter an order was late in the day.  The order contains handwritten interlineations that are critical to this appeal.  Accordingly, the language of her order could not be duplicated in an amended order that would include permission to appeal.

During the period between the summary judgment hearing on May 20, 2014 and signing of the interlocutory order on December 18, 2014, Rebecca Genevieve Quirin Marshall passed away.  A probate proceeding was instituted in Probate Court No. 1 in Bexar County.  A suggestion of death was filed in Karnes County and the Estate's attorney, the Hon. Joe Hely, filed a Motion to Transfer the Karnes County suit to Bexar County Probate Court No. 1, a statutory probate court, pursuant to the provisions of §34.001 of the TEXAS ESTATES CODE.  That motion was heard and conditionally granted by Judge Polly Jackson Spencer on October 30, 2014.  Judge Spencer ordered that once Judge Saxon signed an interlocutory order on the competing motions for summary judgment, the case would be transferred to Bexar County Probate Court No. 1.

Coincidentally, Judge Spencer retired in December 2014. After Judge Saxon signed her interlocutory order on December 18th, the Estate sought to finally have the Karnes County case transferred. The parties could not agree on the form of an order of transfer, so on February 12, 2015, Mr. Hely filed a Motion to Enter Judgment. By the time of the hearing on that motion, Judge Kelly M. Cross had become the Presiding Judge of Bexar County Probate Court No. 1. Judge Cross signed the order of transfer on March 20, 2015.

Plaintiff filed her Motion for Permission to Appeal in the Probate Court and for a stay of further proceedings in her court. After hearing argument on that motion, Judge Cross signed an order dated August 14, 2015, granting Plaintiff permission to file this petition, but denying the requested stay and ordering that Plaintiff "perfect" her appeal in this court within ten (10) days of her order.

All of this detail is given to explain why the interlocutory order Plaintiff seeks to appeal in this court, Judge Saxon's order of December 18, 2014, does not address an interlocutory appeal, and that permission to file this petition was given by Judge Cross, to whose court the case has been transferred. A copy of Judge Cross' order granting permission to seek interlocutory appeal in this court is attached hereto as Exhibit B.

**D.** *Request for Permission to Appeal:*

Plaintiff seeks permission from the Fourth Court of Appeals to appeal Judge Saxon's interlocutory order granting Defendants' motion for summary judgment and denying Plaintiff's motion for partial summary judgment.

**E.** *Accelerated Appeal:*

If permission to appeal is granted, the appeal of this case will be pursuant to the Rules of Appellate Procedure governing accelerated appeals.

## STATEMENT OF JURISDICTION

This court has jurisdiction to consider and grant this Petition for Permission to Appeal an Interlocutory Order pursuant to the provisions of TEX. R. CIV. P. 168, TEX. R. APP. P. 28.3 and TEX. CIV. PRAC. & REM. CODE §51.014.

## ISSUE PRESENTED

"Whether, under Plaintiffs' trespass to try title claim, Judge Saxon properly interpreted the legal effect of the word 'exception' as a matter of law with respect to the [severed] fee mineral estate, which deed the parties admitted, and the court found, to be unambiguous."

*Order of Bexar County Probate Court No. 1*, dated August 14, 2015, Hon. Kelly M. Cross, Judge Presiding.

## STATEMENT OF FACTS

It is undisputed that the Poenisch deed conveyed to the Marshalls, in seven enumerated tracts, the fee surface estate and the fee mineral estate of the acreage in

question. (Ex. C at 7, 419/746). The only mineral interests described in the granting portion of the deed appear in the legal descriptions of the tracts and only then under a heading of "LESS," which describe non-participating royalty interests reserved by the Poenisches' predecessors in interest.

After the tract descriptions, the deed recites a reservation of a "perpetual non-participating royalty interest" in favor of the Poenisches, describing the proportion of the reservation attributable to each grantor, and describing the interest by tract. (Ex. C at 7-8, 419/746-47).

Immediately thereafter, the deed recites that "It is *understood, stipulated and agreed*" that, among other things, the Marshalls have the exclusive right and power to execute oil, gas and mineral leases (Ex. C at 8, 419/747, item (a)).

Finally, the conveyance was expressly made with the following *exceptions*:

> All soil bank or similar programs covering the realty
> (Ex. C at 9, 419/748, item 1)

> Any outstanding oil, gas or mineral leases of record in Karnes County, Texas
> (Ex. C at 9, 419/748, item 2)

> All easements and rights of way of record, and those visible or apparent
> (Ex. C at 9, 419/748, item 3)

> A written grass lease in favor of the Regmund Brothers
> (Ex. C at 9, 419/748, item 4)

> All outstanding royalty interests which are reflected of record in Karnes County, Texas
> (Ex. C at 9, 419/748, item 5)

The habendum clause immediately follows the clause quoted above. As a result of the unambiguous recitals in the Poenisch deed, immediately after the conveyance, the Marshalls owned the fee surface estate and the fee mineral estate, subject only to the royalty and other interests reserved by the Poenisches and the Poenisches' predecessors in interest.

The Marshall deed did not follow the tract scheme of the Poenisch deed, as the seven tracts in the Poenisch deed were surveyed into five tracts described by metes and bounds in the Marshall deed. (Ex. D at 3-10, 459/622-629). The granting clause of the Marshall deed is general. While each tract is specifically described by metes and bounds, no reference is made to the mineral interests of any prior owners in the tract descriptions.

Immediately after the fifth tract is described, the deed recites that the conveyance is made and accepted with several *exceptions*. The deed describes:

five pipeline easements predating the Poenisch deed
(Ex. D at 10, 459/629 items 1 through 5)

five royalty interest conveyances predating the Poenisch deed
(Ex. D at 11, 459/630, items 6 through 10)

a provision incorporating *for all purposes*, the royalty and other rights described in the Poenisch deed
(Ex. D at 12, 459/632, item 11)

a powerline easement rendered in favor of City Public Service Board against Ernest Poenisch, Sr. by the Karnes County Court at Law
(Ex. D at 12, 459/631, item 12)

three oil, gas and mineral leases, one dated July 29, 1974; one dated
August 6, 1976 and one dated October 5, 1976 identifying the Marshalls as
the lessors.
(Ex. D at 12, 459/631, items 13-15)

Finally, immediately following the specifically described exceptions, this deed's habendum clause recites that Margaret Rose Turnbull have and hold the described premises with the above mentioned *"exceptions"* and also recites that the warranty of title in favor of Margaret Rose Turnbull is made with the above mentioned *"exceptions."* (Ex. D at 12, 459/631).

On review, the recitals in the Poenisch deed and Marshall deed are strikingly similar, EXCEPT that unlike the Poenisch deed, the Marshall deed excepted their entire severed fee mineral estate from the conveyance of the surface estate to Margaret Rose Turnbull.

## SUMMARY OF ARGUMENT

This court should grant this petition for permission to appeal Judge Saxon's interlocutory order on the competing motions for summary judgment because the issue of title is the controlling question of law in this case. TEX. R. APP. P. 28.3(e)(4). It is the controlling issue because the deeds have been determined to be unambiguous; thus, the only matter for the court to resolve are the legal questions whether the severed fee mineral estate was excepted from the Marshalls' conveyance of the surface to Turnbull and whether the quitclaim was competent to convey any part of the fee mineral estate, including the reversionary interests. As a

threshold issue, the interests of judicial economy are best served with a resolution of the these issues in the first instance to avoid wasting judicial resources and conserve the parties and their attorneys' time and expense in addressing issues that may be moot.

An immediate appeal from Judge Saxon's order of December 18, 2014 may materially advance the ultimate termination of the litigation because the Defendants' counter claims, such as for bringing a frivolous claim seeking sanctions under TEX. R. CIV. P. 13, a claim for fraud in a real estate transaction, a claim for breach of warranty, to name a few, may well be moot if this court concludes Judge Saxon erred granting Defendants' motion. The resolution of the legal questions presented may save the court and parties time and expense and narrow the issues to be resolved in the trial court. TEX. R. APP. P. 28.3(e)(4).

There is a substantial ground for difference of opinion on the resolution of the controlling question of law. TEX. R. APP. P. 28.3(e)(4). Plaintiff's argument is based on the theory of *exception*, which Defendants have never addressed. Their response relied on the quitclaim and their cross motion on the argument the fee mineral estate had been conveyed by the Marshalls. The authorities they relied on concern themselves with reservations in a deed, not exceptions. Judge Saxon's order is very general in its terms and consequently, the parties have no guidance or explanation of the legal effect, if any, she gave to the exceptions relied on by

Plaintiff or what, if any, credence she gave to the quitclaim relied on by Defendants.

Finally, as explained below, the order sought to be appealed, because of its general nature in light of the specific allegations made in the competing motions for summary judgment and Judge Saxon's determination to consider in her deliberations a quitclaim introduced and relied upon by Defendants, raises more questions than it answers. An order or judgment that specifically addresses the legal effect of the Poenisch, Marshall and quitclaim deeds will narrow the focus of the parties as they resolve the remaining issues between them.

## ARGUMENT & AUTHORITIES

### I.     The Trespass To Try Title Cause Of Action

Under current Texas law, the sole method for determining ownership of real property, including a mineral estate such as the one at issue, is the statutory Trespass to Try Title cause of action. TEX. R. CIV. P. 783 – 809; TEX. PROP. CODE § 22.001(a); *Martin v. Amerman*, 133 S.W.3d 262, 264 (Tex. 2004). If successful by this appeal, this court's judgment confirms their title to, and right to possession of, the severed fee mineral estate at issue.

### A.     The Elements Of The Cause Of Action:

The Marshalls alleged superior title out of a common source, that is, the Poenisch deed (Ex. C). TEX. R. CIV. P. 798. The Marshalls did not convey their ownership of the severed fee mineral estate to the Turnbulls, thus their title is

superior to any claim asserted by Defendants. *Plumb v. Stuessy*, 617 S.W.2d 667 (Tex. 1981).

## B. The Common Source Of Title:

### 1. The "Poenisch" Deed – Ex. C

A Warranty Deed with Vendor's Lien describing seven tracts of land in Karnes County, Texas totaling some 3992.5 acres. The deed is dated March 1, 1973 and is recorded in the Karnes County real estate records at Vol. 419, Pages 740 through 752.

### 2. The "Marshall" Deed – Ex. D

A Warranty Deed with Vendor's Lien describing five tracts of land in Karnes County, Texas totaling some 4002.04 acres. The deed is dated December 3, 1976 and recorded in the Karnes County real estate records at Vol. 459, Pages 620 through 632.

## II. Plaintiff's Trespass To Try Title Claim

The gravamen of the Marshalls' trespass to try title claim is the exceptions listed in paragraphs 11 and 13-15 of the Marshall deed. These exceptions, when read in conjunction with the Poenisch deed, except the severed fee mineral estate owned by the Marshalls from the conveyance to Turnbull.

> (11) Those certain royalty interests, the royalties ***and other rights*** described in an instrument from Ernest M. Poenisch, Jr., et al, to Samuel F. Marshall and wife, Rebecca Marshall, dated March 1, 1973, recorded in Volume 419, Page 740, of the Deed Records of

Karnes County, Texas, covering the lands therein described, *reference to said Deed is here made for all purposes.*

\*\*\*\*

(13) Oil, Gas and Mineral Lease dated July 29, 1974, recorded in Volume 438, Page 529, of the Deed Records of Karnes County, Texas, from Samuel F. Marshall, et ux, to Lee Gilliland.

(14) Oil, Gas and Mineral Lease dated August 6, 1976, recorded in Volume 458, Page 787, of the Deed Records of Karnes County, Texas, from Samuel F. Marshall and wife, Rebecca Marshall, to John A. Hicks.

(15) Oil, Gas and Mineral Lease dated October 5, 1976, recorded in Volume 458, Page 791, of the Deed Records of Karnes County, Texas, from Samuel F. Marshall and wife, Rebecca Marshall, to John A. Hicks.

Ex. D at 12, 459/631, recitals 11 & 13-15.

The legal effect of the *exception* in paragraph 11 of "certain royalties, the royalties and other rights described" in the Poenisch deed and the reference to that deed "*for all purposes*," is that the Marshalls conveyed no part of the fee mineral estate. Pursuant to the clear and unambiguous terms of the deed, immediately after the conveyance from the Marshalls, Margaret Turnbull owned the fee surface estate and none of the mineral estate in the subject realty. Similarly, the legal effect of the exceptions in paragraphs 13-15 is that the Marshalls did not convey the leases or the reversionary interests in the portions of the severed fee mineral estate covered by those leases.

## A.    General Rules – Mineral Estate & Lease Construction

Texas recognizes the vertical severance of real property into two estates, the surface estate and the mineral estate. *Harris v. Currie*, 142 Tex. 93, 176 S.W.2d 302, 304-05 (1943), *Humphreys-Mexia v. Gammon*, 113 Tex. 247, 254 S.W. 296, 299 (1923). The severance may be made by exception or reservation in a deed or by granting a lease. *Humphreys-Mexia*, 254 S.W. at 299. Since the documents in the chain of title admit of leases and exceptions of non-participating royalty interests pre-dating the Poenisch deed to the Marshalls, it is undisputed that the surface and mineral estates in the property at issue had been severed prior to the Poenisch deed and remain so to this day.

## B.    General Rules – Reservation & *Exception* Construction

There is a presumption that every term in a deed is there for a reason and in interpreting a deed, terms should not be ignored. An exception in a deed, as a matter of law, excepts from the conveyance the thing described. *Cockrell v. Texas Gulf Sulphur Co.*, 157 Tex. 10, 299 S.W.2d 672, 675 (1956). It excludes from the operation of the deed some part of the land described, whereas a "reservation" refers to a new estate retained by the grantor. That is, a reservation is the creation of a new right in favor of the grantor that, until the grant, did not exist as an independent right. *Donnell v. Otts*, 230 S.W. 864, 865 (Tex. Civ. App.—Fort Worth 1921, no writ).

While the words "exception" and "reservation" are often used indiscriminately, each has its own separate meaning, and in the construction of deeds containing such terms courts will not look upon the terms as synonymous, or attribute to the one the meaning of the other, unless from the face of the instrument it is apparent that by the use of one word the other was intended.

> [A] reservation must always be in favor of and for the benefit of the grantor, whereas, an exception is a mere exclusion from the grant, in favor of the grantor only to the extent that such interest as is excepted may then be vested in the grantor and not outstanding in another.

*Klein v. Humble Oil & Refining Co.*, 67 S.W.2d 911, 915 (Tex. Civ. App.—Beaumont 1934) *affirmed*, 126 Tex. 450, 86 S.W.2d 1077 (1935); *see Pich v. Lankford*, 157 Tex. 335, 302 S.W.2d 645, 650 (1957); *Donnell*, 230 S.W. at 865.

**C. General Rule – Reference to Another Deed**

> [W]here the property conveyed is described in general terms and a reference is then made to another deed for a more particular description of the property, the description in the deed referred to becomes a part of the description and the purchaser must look to the reference deed to determine the extent of his acquisition.

*Remuda Oil Co. v. Wilson*, 264 S.W.2d 192 (Tex. Civ. App.—Galveston 1954, writ ref'd n.r.e.). The language of the Poenisch and Marshall deeds put Turnbull on notice to look to the terms of the Poenisch deed to determine the extent of the estate she was purchasing.

## D. Marshall Deed Analysis

### 1. Granting Clause

It is undisputed that the granting clause of the Marshall deed does not refer to the mineral estate, whether in fee or otherwise. (Ex. D at 2-10; 459/622-30). This time the parcel, again 4000 acres more or less, was described in 5 tracts. The surface estate of each tract conveyed is described generally and by metes and bounds. Immediately following the tract descriptions is a list of exceptions, which describes, with particularity, the interests not conveyed to the Turnbulls.

### 2. *Exceptions 1 – 10 & 12*

Exceptions 1 through 10 and 12 (Ex. D at 11-12; 459/630-31) describe portions of the realty that, as easements and non-participating fractional royalty interests reserved by the Marshalls' predecessors in interest. Even the Defendants cannot dispute that these enumerated interests were excepted from the conveyance to the Turnbulls.

### 3. *Exceptions 13 – 15*

Exceptions 13 through 15 (Ex. D at 12; 459/631) describe the three oil, gas and mineral leases granted by the Marshalls to various third parties pursuant to the executive rights attendant to their ownership of the fee mineral estate and made prior to the deed to Turnbull.

Under Texas law, the grant of lease of the mineral estate is a conveyance of a fee determinable estate. *Jupiter Oil Co. v. Snow*, 819 S.W.2d 466, 468 (Tex.

1991). The reversionary interest, or right of reverter, that is, a non-possessory interest in the minerals on the event of the leases' termination, was the interest left in the Marshalls after the leases were executed. *Id.*

There is no suggestion that the reversionary interests or right of reverter in the three leases excepted in the deed belong to anyone other than the Marshalls as the lessors. Since the leases were excepted from the conveyance, once they expired, the fee simple determinable interest in the mineral estate reverted to the Marshalls. *Luckel v. White*, 819 S.W.2d 459, 464 (Tex. 1991). There is nothing in the deed that indicates the parties intended a different result. For this reason, alone, Judge Saxon's order is in error.

### 4. *Exception 11*

This recital (Ex. D at 12; 459/631) states, in clear terms, that *excepted* from the conveyance to the Turnbulls were:

1. "those certain royalty interests"
2. "the royalties"
3. "and other rights"

in the Poenisch deed covering the lands therein described. Significantly, the clause recites that reference to the Poenisch deed is made "***for all purposes***" (emphasis added).

To determine what was excepted from the conveyance to Turnbull, one must refer to the Poenisch deed. The category, "those certain royalty interests," refers to the royalty interests specifically described in the Poenisch deed as belonging to

their predecessors in interest in the descriptions of Tracts II, III, VI and VII plus the "perpetual non-participating royalty interest" the Poenisches reserved for themselves. (Ex.C at 3-7; 419/742-46).

The category, "the royalties," refers to the "Non-Participating Perpetual Royalty" reserved by the San Antonio Joint Stock Land Bank, which is specifically excepted in the Poenisch deed's description of Tract I and is the only instance of the term "royalty" unmodified by the term "interest." (Ex. C at 3; 419/742).

The third category, "and other rights," includes the Marshalls' fee mineral estate together with any other "rights" granted them in the Poenisch deed. The term "right" appears twice in the Poenisch deed, the first time in relation to the Marshalls' "exclusive right and power to execute" mineral leases, also known as the executive right that is attendant to ownership of the fee mineral estate. (Ex. C at 8; 419/748). The second time is in the habendum clause where they are to have and hold the premises "together with all and singular the rights and appurtenances thereto in anywise belonging" to them as a result of the conveyance.

Since the term "other rights" is not limited or modified, it should be read in the broadest sense to encompass all the rights created in the deed. Black's Law Dictionary defines "property right" as "the rights given to the person or persons who have a right to own the property through purchase or bequest." *See* Black's Law Dictionary (5th ed., 1979 at 1096). The plain meaning of the term "right" as

used in the exception includes the fee mineral estate conveyed to them in the Poenisch deed.

The recital concludes with the reference to the Poenisch deed as the one describing the interests excepted from the conveyance to Turnbull. The legal effect of the "reference" language is to incorporate the Poenisch deed into the Marshall deed. *Cockrell*, 299 S.W.2d at 676 (holding clause in deed incorporated referenced mineral leases to define estate conveyed and nature, extent and character of such estate). Courts are to construe an instrument containing a reservation or exception together with other instruments to which it refers. Thus, to give effect to the parties' intent by harmonizing all parts of the deeds so as to give effect to all of their provisions, *Luckel*, 819 S.W.2d at 462, this court should construe the Marshall deed together with the Poenisch deed to which it refers. *Johnson v. Fox*, 683 S.W.2d 214, 216 (Tex. App.—Fort Worth 1985, no writ).

The incorporation of the Poenisch deed into the Marshall deed also explains the complete absence of a conveyance of executive rights to the Turnbulls. The Poenisch deed specifically conveyed executive rights to the Marshalls. Those executive rights described and conveyed to the Marshalls in the Poenisch deed were excepted from the grant to the Turnbulls pursuant to exception number 11. Thus, the Turnbulls never acquired the "exclusive right and power to execute" mineral leases. For these reasons, Judge Saxon's order is in error.

### 5. Habendum Clause

The habendum clause begins with the words "to have and to hold." Unlike the habendum clause in the Poenisch deed, the Marshall deed's habendum clause limits the extent of conveyance to the Turnbulls by its recital that the conveyance is subject to the enumerated exceptions. (Ex. D at 12; 459/631). Similarly, the Marshalls' warranty of title to Turnbull is found in the habendum clause and is also made subject to the enumerated exceptions. Thus, the Marshalls could not have breached a warranty of title. For this reason, Judge Saxon's order is in error.

### III. The Severed Fee Mineral Estate Was Excepted From The Marshall Deed

Neither Defendants nor Judge Saxon's order can explain why *"exception"* with respect to exceptions 11 and 13 through 15, does not mean *"exception"* as it is applied with respect to exceptions 1 through 10 and 12. Without any language indicating a different treatment or meaning, Defendants argue the severed fee mineral estate and the three prior in time mineral leases were not excepted from the conveyance to Turnbull. To the contrary, the severed fee mineral estate and the three leases, including their reversionary interests, were unambiguously excepted from the conveyance to Turnbull as a matter of law.

There are many authorities that discuss the terms *"exception"* but the authorities relied on by the parties to this appeal are in conflict and, as argued, lead to a mutually exclusive result. The Marshall deed does not refer merely to a list of

prior agreements and reservations. Paragraph 11 specifically refers to the Poenisch deed and the rights described therein, which includes the fee mineral estate obtained by the Marshalls from the Poenisches and which was excepted from the conveyance. Paragraphs 13 through 15 specifically except to three leases executed by the Marshalls as lessors that predate the Marshall deed. Based on the clear unambiguous terms of the deed, the severed fee mineral estate, the three leases, the portions of the severed fee mineral estate described therein and their reversionary interests thereto, were not conveyed to Turnbull.

## IV. The Quitclaim Did Not Convey Any Part Of The Severed Fee Mineral Estate

Using only the descriptions in the Poenisch and Marshall deeds, the quitclaim (Ex. E) introduced and relied on by Defendants, if it conveyed anything at all to Paul R. Turnbull "as his sole and separate property," did not convey any severed mineral interest, certainly not title to the severed fee mineral estate nor the leases or reversionary interests at issue. While Judge Saxon noted the quitclaim during argument, her order was silent on the matter. The Defendants, however, made reliance on the quitclaim the first point of their response, "Plaintiffs claims are rendered moot by the 1978 Quitclaim Deed." This contention, under our facts, is incorrect as a matter of law. *Smith v. Williams*, 786 S.W.2d 665 (Tex. 1990). The *Williams* court relied on its opinion in *Humphreys-Mexia v. Gammon*, 113 Tex. 247, 254 S.W. 296 (1923) for the proposition that, once the surface and

mineral estates are severed, a general description in a quitclaim deed *will not* convey the mineral estate. *See also Carminati v. Fenoglio,* 267 S.W.2d 449 (Tex. Civ. App.—Fort Worth 1954, writ ref'd n.r.e.). For these reasons, Judge Saxon's order is in error.

## V.    Judge Saxon's Order Raises More Questions Than It Answers

The sole ground for summary judgment asserted in Defendants cross motion was that the Marshalls conveyed their entire interest to Turnbull. Defendants' response and argument in the trial court, however, were also based on the existence of the quitclaim. Judge Saxon's order does not explain the basis of her ruling, even though Plaintiffs asked her to do so. Plaintiff urged Judge Saxon, for the benefit of the parties and the appellate courts, to fully and completely state the basis of her interlocutory order on the motions for summary judgment. Plaintiff suggested several alternatives and tendered proposed orders to that effect to the court, which she did not sign.

Judge Saxon could grant Defendants' cross motion if she concluded the Marshalls conveyed their entire interest in the property to Turnbull as a matter of law; a conclusion that is not supported by Texas jurisprudence. Since her order did not specify that ground, the parties are left to guess if that was the reason. On the other hand, under the motions and evidence Judge Saxon considered, she may have concluded the severed fee mineral estate was excepted and not conveyed in the

Marshall deed, but that the Marshalls thereafter conveyed those interests in the quitclaim; again a conclusion not supported by Texas jurisprudence.

As urged above, if Judge Saxon gave credence to the quitclaim, her order granting Defendants' summary judgment was contrary to Texas case law dispositive of the issue. The quitclaim was not alleged as a ground for summary judgment. TEX. R. CIV. P. 166a(c). There had been a severance of the surface and fee mineral estates, so the quitclaim is incompetent to transfer any part of the mineral estate. Finally, the interest the quitclaim describes is less than that described in the Poenisch and Marshall deeds.

Judge Saxon's order also presents a question whether she properly allocated the burden of the proof on the motions for summary judgment. Defendants' cross motion expressly presented a single ground for summary judgment and the motion must stand or fall on that ground alone. That ground, disproving an element of Plaintiff's case, cannot support summary judgment for Defendants.

If Defendants merely disproved an element of Plaintiff's interlocutory Motion for Partial Summary Judgment, then Plaintiff did not sustain her burden of proof. Merely negating an element of a Plaintiff' motion for summary judgment does not sustain Turnbull's independent burden of proof to establish entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Even if Judge Saxon did not agree with Plaintiff's argument, the only proper order on Defendants' cross motion

was one of denial. That is, Judge Saxon could have denied both motions. For these reasons, Judge Saxon's order is in error.

## PRAYER

Wherefore, premises considered, Plaintiffs pray that this court grant this Petition for Permission to Appeal Judge Saxon's order of December 18, 2014, and that upon final submission of the appeal, reverse the trial court and enter an appropriate order confirming title to the severed fee mineral estate, the three oil, gas and mineral leases and the reversionary interests attached thereto in Plaintiff, remand the cause to the trial court for further proceedings and grant Plaintiff such other relief to which she may show herself entitled.

Respectfully submitted,

JOHN MILANO, JR.
State Bar No. 14035600
508 West Lookout Drive, No. 14-1018
Richardson, Texas 75080
(214) 673-9400
johnmilanojr@earthlink.net

STANLEY BERNSTEIN
State Bar No. 02218900
GEORGE LEGRAND
State Bar No. 12171450
2511 North St. Mary's Street
San Antonio, Texas 78212
(210) 733-9439 Telephone
sb@legrandandbernstein.com
gl@legrandandbernstein.com

## ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 4240 words, as determined by the computer software's word-count function, excluding the sections of the document listed in TEX. R. APP. P. 9.4(i)(1).

_____
Stanley Bernstein

# CERTIFICATE OF SERVICE

I certify that a copy of Plaintiffs' Petition for Permission to Appeal was served as follows:

On Defendants *Turnbull Land & Cattle Ltd., Paul R. Turnbull, III, Individually, Rebecca Turnbull Crow, Individually and PRTJRT, LLC* through their counsel:

Mr. Richard W. Crews, Jr.
HARTLINE DACUS BARGER DREYER LLP
One Shoreline Plaza
800 N. Shoreline Blvd., Ste 2000-N. Tower
Corpus Christi, TX 78401
by electronic service on August 24, 2015

and on Defendant *Turnbull Land & Cattle, Ltd.* through its counsel:

Mr. Robert B. Wallace, Jr.
WALLACE & WHEELER, LLP
711 N. Carancahua, Suite 800
Corpus Christi, TX 78401
by electronic service on August 24, 2015

Stanley Bernstein

# APPENDIX

Judge Stella Saxon's Interlocutory Order on Motions for Summary Judgment ................ A

Judge Kelly M. Cross' Order Authorizing Interlocutory Appeal ........................................ B

"Poenisch" Deed .............................................................................................................. C

"Marshall Deed" ............................................................................................................... D

Quitclaim .......................................................................................................................... E

A

CAUSE NO. 12-11-00245-CVK

| | | |
|---|---|---|
| REBECCA GENEVIEVE HANNA AS | * | IN THE DISTRICT COURT OF |
| INDEPENDENT EXECUTRIX OF THE | * | |
| ESTATE OF REBECCA QUIRIN | * | |
| MARSHALL, DECEASED | * | |
| | * | |
| V. | * | KARNES COUNTY, TEXAS |
| | * | |
| TURNBULL LAND & CATTLE, LTD., | * | |
| PAUL R. TURNBULL, III, IND., | * | |
| REBECCA TURNBULL CROW, IND., | * | |
| AND PAUL R. TURNBULL, III, AS | * | |
| MANAGING PARTNER OF PRTJRT, | * | |
| LLC | * | 81ST JUDICIAL DISTRICT |

## ORDER

On the 20th day of May, 2014, came on to be heard Plaintiffs' Motion for Partial Summary Judgment – Trespass to Try Title and the Defendants' Cross Motion for Summary Judgment.

The Court notes that at the time of filing of Plaintiffs' Motion for Partial Summary Judgment – Trespass to Try Title, the named Plaintiffs were Rebecca Genevieve Quirin Marshall, Rebecca Genevieve Hanna as Trustee of the Rebecca Quirin Marshall Living Trust, Rebecca Genevieve Hanna, Mary Marshall f/k/a Mary Marshall Thompson, Peter Linder, and Neyle Habersham Marshall. The named Defendants were Turnbull Land & Cattle, Ltd., Paul R. Turnbull, III, Individually, Rebecca Turnbull Crow, Individually, and PRTJRT, LLC. The Court further notes that since the time of the filing of the Motion for Summary Judgment, the Plaintiffs filed a Suggestion of Death with respect to the Plaintiff Rebecca Quirin Marshall, Deceased, and the appropriate Plaintiff is now Rebecca Genevieve Hanna, as Independent Executrix of the Estate of Rebecca Quirin Marshall, Deceased. Claims previously asserted by Rebecca Genevieve Hanna, as Trustee of the Rebecca Quirin Marshall Living Trust, Rebecca Genevieve

Hanna, Individually, Mary Marshall Thompson, Individually, Peter Linder Marshall, Individually, and Neyle Habersham Marshall, Individually, have been nonsuited.

After consideration of the ~~summary judgment evidence~~, Benisch deed, the Marshall deed and the quitclaim, the SS arguments, and authorities, the Cross Motion for Summary Judgment filed by and on behalf of Defendants is hereby GRANTED. The Plaintiff's Motion for Partial Summary Judgment – Trespass to Try Title originally filed by Plaintiffs and now asserted only by and on behalf of Rebecca Genevieve Hanna as Independent Executrix of the Estate of Rebecca Quirin Marshall, Deceased, should be and is hereby DENIED.

Signed and ordered entered this the 18 day of December, 2014.

STELLA SAXON
JUDGE PRESIDING

FILED
IN THE OFFICE
OF THE DISTRICT CLERK

DEC 18 2014

AT 3:10 pm O'CLOCK
DENISE RODRIGUEZ
KARNES COUNTY DISTRICT CLERK

B

## NO. 2014-PC-3055

| | | |
|---|---|---|
| IN THE ESTATE OF | § | IN THE PROBATE COURT |
| | § | |
| REBECCA QUIRIN MARSHALL, | § | |
| | § | |
| DECEASED | § | |
| | § | |
| REBECCA GENEVIEVE QUIRIN | § | NO. ONE |
| MARSHALL, et al, Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | |
| TURNBULL LAND & CATTLE, LTD., | § | |
| et al., Defendants | § | BEXAR COUNTY, TEXAS |

### ORDER AUTHORZING INTERLOCUTORY APPEAL

Pending before the Court is the Motion for Permission to Pursue Interlocutoary Appeal (the "Motion").

The Court called the Motion for hearing on August 13, 2015.

Movants appeared through counsel of record Stanely Bernstein and Jeff Bernstein and annou nced ready.

Respondents appeared through counsel of record Richard W. Crews, Jr. David W. Green and Michael G. Terry and announced ready.

A record of the proceedings was recorded by Chery D. Hester Official Court Reporter for Probate Court No. 1.

Upon consideration of the Motion, the Response of the responding parties, the evidence, law and arguments of counsel, it is the opinion of the court that permission should be granted to the movants to appeal a narrow question of law and that the case should be prepared for trial since there are other issues that need to be developed for trial.

IT IS, THEREFORE, ORDERED that the Movants are authorized to appeal the following question: whether, under Plaintiffs' trespass to try title claim, Judge Saxon properly interpreted the legal effect of the word "exception" as a matter of law with respect to the several fee mineral estate, which deeds the parties admitted, and the court found, to be unambiguous.

1

IT IS FURTHER ORDERED that because of the additional proceedings in this case, the Movants are ORDERED to perfect their appeal within 10 days from the date of this order.

Signed August 14, 2015.

Kelly M. Cross,
Presiding Probate Court Judge

**Copies by email, if available, to:**

**Stanley Bernstein**
**State Bar No. 02218900**
**Email: tiburonel@aol.com**
**George LeGrand**
**State Bar No. 12171450**
**Email: tegrande@aol.com**
**LeGrand & Bernstein**
**2511 North St. Mary's Street**
**San Antonio, Texas 78212**
**Ph: 1.210.733.9439**
**Fax: 1.210.735.3542**

**Richard W. Crews, Jr.**
**State Bar No. 05075500**
**Email: rcrews@hdbdlaw.com**
David W. Green
State Bar No. 08347475
Email: dgreen@hdbdlaw.com
**Michael G. Terry**
**State Bar No. 19799800**
**Email: mterry@hdbdlaw.com**
**Hartline Dacus Barger Dryer, L.L.P.**
**One Shoreline Plaza**
**800 N. Shoreline Blvd, Suite 2000 N.Tower**
**Corpus Christi, Texas 78401**
**Ph: 1.361.866.8000**
**Fax: 1.361.866.8039**

**Robert B. Wallace, Jr.**
**State Bar No. 20778900**
**Wallace & Wheeler, L.L.P.**

FILED

AUG 14 2015

GERARD RICKHOFF
CLERK PROBATE COURT NO. 1
BEXAR COUNTY, TEXAS

BY: _____
DEPUTY

2

711 N. Carancahua, Suite 800
Corpus Christi, Texas 78401
Ph:  1.361.884.8811
Fax: 1.361.884.8812
Email:  bobwallacejr@att.net

Joe Hely
State Bar No. 09407560
Email:  Joe Hely <joe@jwhelypc.com>
J.W. Hely, P.C.
4047 Broadway
San Antonio, Texas  78209
Ph:  1.210.520.8960
Fax: 1.210.832.0920

C


## WARRANTY DEED WITH VENDORS' LIEN

THE STATE OF TEXAS §
§       KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF KARNES §

THAT WE, ERNEST M. POENISCH, JR., individually, ERNEST M. POENISCH, JR., TRUSTEE FOR THE GARY MAURICE POENISCH TRUST, ALVIN C. POENISCH, DONALD L. POENISCH, CLAYTON E. POENISCH, CECIL E. BURNEY & ERNEST M. POENISCH, JR. as TRUSTEES under the Will of Della I. Poenisch, Deceased, (Trusts A. B. C. & D.) and, joined pro forma by LILLIAN POENISCH, wife of ERNEST M. POENISCH, JR., GRANTORS, for and in consideration of the sum of Ten and No/100 Dollars ($10.00) and other valuable consideration to the undersigned paid by the GRANTEES herein named, the receipt of which is hereby acknowledged, and the further consideration of the execution and delivery by GRANTEES of nine (9) Real Estate Lien Notes, described as follows:

(1) Note No. 1, payable to Ernest M. Poenisch, Jr. in the principal sum of $382,767.00;

(2) Note No. 2, payable to Ernest M. Poenisch, Jr., Trustee for the Gary Maurice Poenisch Trust in the principal sum of $49,781.25;

(3) Note No. 3, payable to Clayton E. Poenisch in the principal sum of $49,781.25;

(4) Note No. 4, payable to Alvin C. Poenisch in the principal sum of $49,781.25;

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic
copy of the original record now in my lawful cust-
ody and possession, as the same is recorded in
the Official Public records in my office, and I
hereby certify on ___February 14, 2014___
Carol Swize, County Clerk
Karnes County, Texas
By_____ Deputy

(5) Note No. 5, payable to Donald L. Poenisch in the principal sum of $49,781.25;

(6) Note No. 6, payable to Della I. Poenisch Trust A. in the principal sum of $29,133.25;

(7) Note No. 7, payable to Della I. Poenisch Trust B. in the principal sum of $29,133.25;

(8) Note No. 8, payable to Della I. Poenisch Trust C. in the principal sum of $29,133.25;

(9) Note No. 9, payable to Della I. Poenisch Trust D. in the principal sum of $29,133.25; and,

each of such notes bears interest at the rate therein provided, are payable as therein stipulated over a period of ten (10) years, provide for acceleration of maturity and for attorney's fees, and the payment of such notes is secured by the vendors' lien herein retained, and said notes are additionally secured by a deed of trust of even date herewith to James P. Ryan, Trustee, have GRANTED, SOLD AND CONVEYED, and by these presents do GRANT, SELL AND CONVEY unto SAMUEL F. MARSHALL and REBECCA MARSHALL of the County of Harris and State of Texas, all of the following described real property situated in Karnes County, Texas, to-wit:

-2-

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on February 14, 2014

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

TRACT I

RANCH: ZACHARY PLACE, 250 acres out of the Adams Subdivision of the Louise M. Adams Ranch, particularly described as follows:

> Lots 14, 15 and the N/50 acres of Lot 16 of said subdivision according to Plat of Record in Vol. 1, Page 15, of the Map Records of Karnes County, Texas.

> LESS: A 1/16th Non-Participating Perpetual Royalty reserved by San Antonio Joint Stock Land Bank in the deed hereinafter referred to.

Being the same property conveyed to Mary G. Poenisch by deed dated 15 July, 1942, from the San Antonio Joint Stock Land Bank, Recorded: Vol. 129, Page 59, Deed Records, Karnes County, Texas.

Conveyed to Ernest M. Poenisch, Jr. by deed dated 28 December, 1948, from Ernest M. Poenisch, Sr., Individually and as Executor of the Estate of Mary G. Poenisch, Deceased, pursuant to devise of 1/2 thereof to Ernest M. Poenisch, Jr. by Mary G. Poenisch, in a Will probated in Nueces County, Texas, in December 1948. Recorded: Vol. 181, Page 409, Deed Records, Karnes County, Texas.


TRACT II


RANCH: FORISTER PLACE, 250 acres out of the Adams Subdivision of the Louisa M. Adams Ranch particularly described as follows:

> S/2 of Lot 10 and Lots 11 and 12 of said subdivision according to plat recorded in Volume 1, Page 15, of the Map Records of Karnes County, Texas.

> LESS: A 1/32nd Non-Participating Perpetual Royalty Interest reserved by M. H. Forister, et ux, in deed to Cecil E. Burney, dated 19 November, 1955, recorded in Volume 238, Page 358, Deed Records, Karnes County, Texas.

Being the same property conveyed to Ernest M. Poenisch, Jr., by deed from Jack Todd, Trustee, dated 29 December, 1955, Recorded in Volume 238, Pages 548-550, Deed Records of Karnes County, Texas.

-3-

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on _____

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

RANCH: 400 acres out of a larger tract of 3,042.5 acres out of the Adams Subdivision of the Louisa M. Adams Ranch, particularly described as follows:

| Subdivision | Acres |
|---|---|
| 3 | 100 |
| 4 | 100 |
| 5 | 100 |
| 6 | 100 |

Being out of the Henry S. Brown, the Karnes County School Lands, and the Edward Garner Surveys.

LESS: A 1/32nd Non-Participating Royalty Interest for a period of 20 years from 18 January 1945, and as long thereafter as oil, gas or other minerals are produced from the land below described and sold to Santa Clara Oil Co. by Ernest M. Poenisch, Jr., et ux, by Royalty Deed recorded in Vol. 146, page 597, of the Deed Records of Karnes County, Texas, covering only the following lots:

Lots 3, 4, 5 and 6, Adams Subdivision containing 400 acres.

On 19 December, 1962, the Reversionary Interest in the above royalty was sold to Sea Shore Lands, Inc. and made perpetual.

Being the same property conveyed to Ernest M. Poenisch, Jr., by San Antonio Joint Stock Land Bank by deed dated 24 March, 1941, Recorded in Volume 122, Page 380, Deed Records, Karnes County, Texas.

## TRACT IV.

RANCH: 2642.5 acres out of a larger tract of 3,042.5 acres out of the Adams Subdivision of the Louisa M. Adams Ranch, particularly described as follows:

| Subdivision | Acres |
|---|---|
| A | 383.5 |
| B | 313 |
| C | 314 |
| D | 339.3 |
| E | 332.7 |
| F | 331.6 |
| 19 | 101.9 |
| 20 | 102.2 |
| 21 | 102.5 |
| 22 | 102.8 |
| 23 | 95 |
| South Part of 16 | 124 |

-4-

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on _February 14, 20__

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

Being the same property conveyed to Ernest M. Poenisch, Jr. by San Antonio Joint Stock Land Bank by deed dated 24 March, 1941, Recorded in Volume 122, Page 880, Deed Records, Karnes County, Texas.

## TRACT V

RANCH: HARRIS PLACE, 100 acres out of the Adams Subdivision of the Louisa M. Adams Ranch, particularly described as follows:

Lot 13 of said subdivision according to plat recorded in Vol. 1, Page 15, of the Map Records of Karnes County, Texas.

Being the same property conveyed to Mary Gertrude Poenisch by R. E. Harris, et ux, by deed dated January 14, 1943, recorded in Volume 129, Page 573, Deed Records, Karnes County, Texas.

Conveyed to Ernest M. Poenisch, Jr., by deed dated 28 December, 1948, from Ernest M. Poenisch, Sr., Individually and as Executor of the Estate of Mary Gertrude Poenisch, Deceased, Recorded in Vol. 181, Page 409, Deed Records, Karnes County, Texas, pursuant to devise of 1/2 thereof to Ernest M. Poenisch, Jr. by Mary Gertrude Poenisch in a Will probated in Nueces County, Texas, in December 1948.

## TRACT VI

COY CITY FARM, the entire property being particularly described as follows:

200 acres out of Henry S. Brown Survey, Abstract 32, and being Tract A as surveyed 28 June, 1950, by A. Conroda and shown on a plat attached to a deed recorded in Vol. 195, Page 288, Deed Records, Karnes County, Texas.

LESS: A 1/16th Non-Participating Perpetual Royalty Interest reserved by Karnes City Motor Co. in a deed dated 14 October, 1950, recorded in Vol. 195, Page 290, Deed Records, Karnes County, Texas.

LESS: One (1) acre of the surface conveyed to Serapio de la Garza in 1963; reference is here made to the Deed Records of Karnes County, Texas, in aid of description.

Being the same property conveyed to Clayton E. Poenisch, (1/4), Alvin Charles Poenisch, (1/4), Donald Poenisch Trust II. (1/4) and Gary Maurice Poenisch Trust (1/4), by deed dated 1 March, 1957, from Oscar

-5-

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on _February 14 2014_



Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

R. Roberts, et ux. Recorded: Vol. 248, Page 348, Deed Records, Karnes County, Texas.

TRACT VII

VOIGT PLACE, Karnes County, Texas, the entire property particularly* described as follows:

Being situated in Karnes County, Texas, about eighteen miles S.W. of the town of Karnes City, Texas, and being out of the Karnes County School Land Survey, Abstract 168, Patent 618, Vol. 15, dated December 14th, 1883, and the J. S. Poindexter Survey, patent dated September 10th, 1846, and the Ed Garner Survey, Patent 628, Vol. 1, dated September 10th, 1845; said tract being described by metes and bounds as follows:

BEGINNING at a rock set in the ground for the S. E. corner of the T. G. Butler land and S. W. corner of the Mrs. L. Adams' land in the North line of the S. C. Butler land.

THENCE with the South line of the T. G. Butler lands and the North line of the S. C. Butler lands, South 89 deg. 30' West 1200 varas to an iron stake, being the S. W. corner of Subdivision No. 10.

THENCE with the East line of a 40 foot road North 705.7 varas to an iron stake set for the N. W. corner of this tract of land.

THENCE across Subdivision No. 10, North 89 deg. 30' East 1200 varas to an iron stake in the East line of the T. G. Butler lands and West line of the Mrs. L. Adams' land for N. E. corner of this 150 acre tract of land.

THENCE South 705.7 varas to the place of BEGINNING, containing 150 acres, more or less, of which about 104 acres are out of the Karnes County School Land Survey, about 37 acres out of the J. S. Poindexter Original Survey, and about 9 acres out of the Ed Garner Survey. Said tract is a part of Subdivision No. 10 of the subdivisions of the T. G. Butler Bee Tree and Page Pastures, and is the same tract of land conveyed to Andres Voigt by the New Braunfels State Bank by deed dated June 6th, 1931 of record in Vol. 95, pages 601-603 of the Deed Records of Karnes County, Texas, and the same land conveyed by Andres Voigt and wife Anna Voigt to Herbert Voigt by deed dated August 29, 1945 of record in Vol. 152, Page 318, Karnes County Deed Records.

LESS: A 1/32nd Non-Participating Royalty Interest reserved by Herbert Voigt and wife, Fannie Voigt for a term of fifteen (15) years. On 30 November, 1962 the Reversionary Interest in this Royalty was transferred to Sea Shore Lands, Inc. and was made perpetual.

Being the same property conveyed to Clayton E. Poenisch (1/4), Alvin Charles Poenisch (1/4), Donald Poenisch Trust II (1/4) and Gary Maurice Poenisch Truat (1/4), by Herbert Voigt and wife, Fannie Voigt, by deed dated January 15, 1958, recorded in Vol. 256, Page 288-281, Deed Records, Karnes County, Texas.

-6-

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on Feburary 14, 2014

Carol Swize, County Clerk
Karnes County, Texas
By  Deputy

GRANTEES may obtain a partial release of the property from the liens reserved or referred to herein by paying a sum equal to Three Hundred and No/100 Dollars($300.00)per acre for each tract released. The order in which releases shall be granted is as follows:

    (1)  Coy City 200 acres - Tract VI herein;

    (2)  400 acres (Lots 3, 4, 5 & 6 of the Adams Subdivision) - Tract III herein;

    (3)  The Forister 250 acres - Tract II herein;

    (4)  Other parcels that may be mutually agreed upon.

All sums paid pursuant hereto shall be applied against the installments of principal of the latest maturity, ratably among the nine (9) notes above described.

GRANTORS expressly except from this conveyance and reserve unto the following named persons, their heirs and assigns, in the proportions shown, to-wit:

| | |
|---|---|
| Ernest M. Poenisch, Jr. | 50% |
| Ernest M. Poenisch, Jr., Trustee for the Gary Maurice Poenisch Trust | 8.75% |
| Clayton E. Poenisch | 12.50% |
| Alvin C. Poenisch | 12.50% |
| Donald L. Poenisch | 12.50% |
| Gary Maurice Poenisch | 3.75% |

as a perpetual non-participating royalty interest, free and clear of all costs and expense other than taxes attributable thereto, the below designated part of all of the oil, gas and other minerals, including fissionable materials, produced, saved and sold from the above described tracts of land forever, such reservation by tracts being as follows:

    1)  Tract I above - Zachry 250 Acre Place:
        One Thirty-Second (1/32nd) of eight eighths (8/8ths);

-7-

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on _February 14, 2014_

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

2) Tract II above - Forister 250 acre place:
Three Sixty-Fourths (3/64ths) of eight eighths, (8/8ths);

3) Tract III above - 400 acres, being Lots 3, 4, 5 & 6 of the Adams Subdivision of the Louisa M. Adams Ranch:
Three Sixty-Fourths (3/64ths) of eight eighths (8/8ths);

4) Tract IV above - 2642.5 acres out of the original 3042.5 acre ranch:
One-Sixteenth (1/16th) of eight eighths (8/8ths);

5) Tract V above - Harris 100 acre place:
One-Sixteenth (1/16th) of eight eighths (8/8ths);

6) Tract VI above - Coy City 200 acre place:
One Thirty-Second (1/32nd) of eight eighths (8/8ths);

7) Tract VII above - Voigt 150 acre place:
Three Sixty-Fourths (3/64ths) of eight eights (8/8ths).

It is understood, stipulated and agreed as follows:

(a) That it shall not be necessary for the named persons, their heirs or assigns, to join in the execution of any future oil, gas or mineral lease on said land, or any part thereof, but GRANTEES, their heirs or assigns, shall have the exclusive right and power to execute oil, gas and mineral lease or leases, either with or without pooling or unitization clauses, covering said land or any part thereof;

(b) That the named persons, their heirs or assigns, shall not participate in any bonus paid for any future lease or leases covering said land or any part thereof, or participate in any delay rental paid thereunder for the privilege of deferring the commencement of any well or wells;

(c) That in the event the above described land or any part thereof is pooled or unitized with other land, lease or leases in the immediate vicinity thereof, then and in such event, in lieu of the royalty herein retained, the named persons, their heirs or assigns, shall receive out of the production of oil, gas or other minerals from such unit, only such portion of the royalty stipulated herein as the amount of the acreage affected hereby and placed in such unit bears to the total acreage contained in any such unit.

-8-

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on _February 14, 2014_

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

This conveyance is expressly made subject to the following:

    (1) All agreements with the ASC for soil bank or similar U. S. Department of Agriculture program participations covering part of such land;

    (2) Any outstanding oil, gas, or mineral leases of record in Karnes County, Texas;

    (3) All easements and rights of ways of record, and those visible or apparent;

    (4) A written grass lease in favor of the Regmund Bros.;

    (5) All outstanding royalty interests which are reflected of record in Karnes County, Texas.

TO HAVE AND TO HOLD the above described premises, together with all and singular the rights and appurtenances thereto in anywise belonging unto the said GRANTEES, GRANTEES' heirs and assigns forever; and we do hereby bind ourselves, our successors, heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and singular the said premises unto the said GRANTEES, GRANTEES' heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

But it is expressly agreed that the VENDORS' LIEN, as well as the Superior Title in and to the above described premises, is retained against the above described property, premises and improvements until the above described notes and all interest thereon are fully paid according to the face, tenor, effect and reading thereof, when this Deed shall become absolute.

EXECUTED as of the 1st day of March, A. D. 1973.

Ernest M. Poenisch, Jr., Individually

Ernest M. Poenisch, Jr., Trustee for the Gary Maurice Poenisch Trust

Alvin C. Poenisch

Donald L. Poenisch

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on _____

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

-9-

VOL 419 PAGE 748

_Clayton E. Poenisch_
Clayton E. Poenisch

CECIL E. BURNEY & ERNEST M.
POENISCH, JR., as TRUSTEES
UNDER THE WILL OF DELLA L.
POENISCH, DECEASED, TRUSTS
A, B, C and D.

Cecil E. Burney

Ernest M. Poenisch, Jr.

_Lillian Poenisch_
Lillian Poenisch, pro forma

_Mrs. Donald L. Poenisch_
Mrs. Donald L. Poenisch, pro forma

_Mrs. Clayton E. Poenisch_
Mrs. Clayton E. Poenisch, pro forma

VOL 419 PAGE 749

THE STATE OF TEXAS §
COUNTY OF _Nueces_

    BEFORE ME, the undersigned authority, on this day personally appeared ERNEST M. POENISCH, JR., known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

    GIVEN under my hand and seal of office this the_____ day of _March_ 1978.

    Seal

    _Rebecca Sharpe_
    Notary Public in and for _Nueces_ Texas

THE STATE OF TEXAS §
COUNTY OF

    BEFORE ME, the undersigned authority, on this day personally appeared ALVIN C. POENISCH, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

    GIVEN under my hand and seal of office this the _5th_ day of _March_ 1973.

    Seal

    _Jesse H. Oltkamp_
    Notary Public in and for
    County, Texas

-10-

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on _February 14, 2014_


Carol Swize, County Clerk
Karnes County, Texas
By _Debbie Wittman_ Deputy

THE STATE OF TEXAS §
COUNTY OF

    BEFORE ME, the undersigned authority, on this day personally appeared DONALD L. POENISCH, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

    GIVEN under my hand and seal of office this the *12th* day of *March*

*Mary Z. Stevens*
Notary Public in and for
County, Texas

VOL 419 PAGE 750

THE STATE OF TEXAS §
COUNTY OF

    BEFORE ME, the undersigned authority, on this day personally appeared CLAYTON E. POENISCH, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

    GIVEN under my hand and seal of office this the *6* day of *March*, 1973.

*Elsie J. Dunning*
Notary Public in and for *Yuma*
County, ~~Texas~~ *Colo*

COMMISSION EXPIRES
*Feb 1, 1976*

THE STATE OF TEXAS §
COUNTY OF NUECES §

    BEFORE ME, the undersigned authority, on this day personally appeared CECIL E. BURNEY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

    GIVEN under my hand and seal of office this the *16* day of *March*, 1973.

*Rebecca A. Sharpe*
Notary Public in and for Nueces County,
Texas

THE STATE OF TEXAS §
COUNTY OF *ARANSAS*

    BEFORE ME, the undersigned authority, on this day personally appeared LILLIAN POENISCH, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

    GIVEN under my hand and seal of office this the *16th* day of *March*

*Freddie G. LinZan*
-11-Notary Public in and for *ARANSAS* County, Texas

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on *February 14, 2014*

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

THE STATE OF TEXAS §
COUNTY OF BRAZOS §

BEFORE ME, the undersigned authority, on this day personally appeared MRS. DONALD L. POENISCH, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office this the 12th day of March, 1973.

Mary L. Stevens
Notary Public in and for Brazos County, Texas

THE STATE OF COLORADO §
COUNTY OF

BEFORE ME, the undersigned authority, on this day personally appeared MRS. CLAYTON E. POENISCH, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office this the 6 day of March, 1973.

Elsie J. Dunning
Notary Public in and for Yuma County, Colorado

COMMISSION EXPIRES
Feb 1, 1976

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on February 14, 2014
Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

-12-

THE STATE OF TEXAS
COUNTY OF KARNES
No. 84

ERNEST POENISCH, JR.,
ET AL
TO SAMUEL F. MARSHALL,
ET UX

WARRANTY DEED
WITH VENDORS' LIEN

VOL 419 PAGE 752

Filed for Record the ___ A.D. 1973
at 10:35 o'clock ___ M
OTIS WUEST
Clerk County Court, Karnes County, Texas
By_____ Deputy

WOOD, BURNEY, NESBITT & RYAN, ATTORNEYS AT LAW, 520 PLEASANTON RD., POST OFFICE BOX 987, CORPUS CHRISTI, TEXAS 78403

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic
copy of the original record now in my lawful cust-
ody and possession, as the same is recorded in
the Official Public records in my office, and I
hereby certify on ___February 14, 2014___
Carol Swize, County Clerk
Karnes County, Texas
By_____ Deputy



RECORDED THIS 22 DAY OF March A.D., 1973, AT 9:00 O'CLOCK A. M.

OTIS WUEST, COUNTY CLERK, BY _____ DEPUTY

D

STATE OF TEXAS          X

                            KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF KARNES       X

     That we, SAMUEL F. MARSHALL and wife, REBECCA MARSHALL, of the County of Karnes, State of Texas, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00), and other good and valuable consideration to us in hand paid by the Grantee herein named, the receipt of which is hereby acknowledged; and

     For the further consideration that the Grantee hereby assumes and promises to pay, according to the terms thereof, all principal and interest now remaining unpaid on those nine (9) promissory notes dated March 1, 1973, executed by SAMUEL F. MARSHALL and wife, REBECCA MARSHALL, and payable to the order of the persons or trusts therein named, said nine (9) real estate notes being described as follows:

        (1)   Note No. 1, payable to Ernest M. Poenisch, Jr., in the principal sum of $382,767.00;

        (2)   Note No. 2, payable to Ernest M. Poenisch, Jr., Trustee for the Gary Maurice Poenisch Trust, in the principal sum of $49,781.25;

        (3)   Note No. 3, payable to Clayton E. Poenisch, in the principal sum of $49,781.25;

        (4)   Note No. 4, payable to Alvin C. Poenisch, in the principal sum of $49,781.25;

        (5)   Note No. 5, payable to Donald L. Poenisch, in the principal sum of $49,781.25;

        (6)   Note No. 6, payable to Della I. Poenisch, Trust A., in the principal sum of $29,133.25;

        (7)   Note No. 7, payable to Della I. Poenisch Trust B, in the principal sum of $29,133.25;

        (8)   Note No. 8, payable to Della I. Poenisch Trust C, in the principal sum of $29,133.25;

        (9)   Note No. 9, payable to Della I. Poenisch Trust D, in the principal sum of $29,133.25;

said notes being secured by a Deed of Trust of even date therewith, said Deed of Trust being presently unrecorded, upon which notes

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on February 14, 2014

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

there now remains unpaid the principal sum of SIX HUNDRED EIGHT THOUSAND FOUR HUNDRED TWENTY-FIVE AND NO/100 DOLLARS ($608,425.00), with interest paid thereon through March 1, 1976, and Grantee hereby assumes and promises to keep and perform all of the covenants and obligations of the Grantors named in said Deed of Trust; and

The further consideration of the execution and delivery by Grantee of three (3) certain promissory notes of even date herewith payable to the order of the Grantors, said promissory notes being described as follows:

    (1)   Note No. 1, payable to the order of Samuel F. Marshall and wife, Rebecca Marshall, in the principal sum of $118,525.00, payable on or before the 16th day of January, 1977.

    (2)   Note No. 2, payable to the order of Samuel F. Marshall and wife, Rebecca Marshall, in the principal sum of $118,525.00, payable on or before the 16th day of July, 1977; and

    (3)   Note No. 3, payable to the order of Samuel F. Marshall and wife, Rebecca Marshall, in the principal sum of $118,525.00, payable on or before the 16th day of January, 1978.

Each of said notes bears interest at the rate therein provided, and containing usual clauses relating to acceleration of maturity and for attorney's fees, and providing for acceleration of maturity of the holder in the event of default in the payment of the nine (9) notes herein assumed, or default in any covenant or condition of the Deed of Trust securing said notes hereby assumed, the payment of which said three (3) notes of even date herewith is secured by a vendor's lien herein retained, and is additionally secured by a Deed of Trust of even date herewith, to LARRY ABLES, Trustee. The lien securing the payment of these three (3) notes shall be and remain secondary and inferior to the liens securing the payment of those nine (9) certain promissory notes hereinabove described.

Have GRANTED, SOLD and CONVEYED, and by these presents, do GRANT, SELL and CONVEY unto MARGARET ROSE TURNBULL, all of the

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___February 14, 2014___



Carol Swize, County Clerk
Karnes County, Texas
By_____ Deputy

following described property situated in Karnes County, Texas, to-wit:

FIRST TRACT:

All that certain 2177.60 acre tract or parcel of land situated within the Henry S. Brown Survey, A-32, the Karnes County School Land Survey, A-168; the Edward Garner Survey, A-129 and the J. H. Poindexter Survey, A-463, Karnes County, Texas, and being a portion of that certain 2642.5 acres described as Tract No. 4 and all of that certain 150 acres described as Tract No. 7 in a Deed dated March 1, 1973, from Ernest Poenisch, Jr., et al to Samuel F. Marshall et ux, recorded in Volume 419, Pages 740-752, Deed Records of Karnes County, Texas, and being all of Lots "A", "B", "C", "D", "E" & "F", of the Adams Subdivision of the Louisa M. Adams Ranch as recorded on a map or plat of said ranch appearing of record in Volume 1, Page 15, Map Records of Karnes County, Texas, and being also shown on a map or plat of the Poenisch Ranch recorded in Volume 3, Page 22, Map Records of Karnes County, Texas, to which Deed and maps and the record thereof, reference is here made for all purposes.

Said 2177.60 acre tract or parcel of land being more particularly described by metes and bounds as follows:

BEGINNING at a 1" iron pipe set in the East line of a 40' public road for the Northwest corner of said Tract No. 7 (150 acres) and the Southwest corner of the E. B. Hardt 255.4 acre tract. Same being the lower Northwest corner of this tract and from whence the Northwest corner of the Edward Garner Survey, A-129; same being the Northeast corner of the J. H. Poindexter Survey, A-463 brs. as follows: S. 00 degrees 06 minutes 15 seconds E. approximately 1460 feet and N. 89 degrees 43 minutes E. approximately 2280 feet.

THENCE N. 89 degrees 32 minutes 14 seconds E. with fence, a distance of 3352.7 feet to a 3/4" iron pipe set in the West line of Lot "C" of said Adams Subdivision of the Louisa M. Adams Ranch for the Northeast corner of said Tract No. 7 (150 acres) and the Southeast corner of said E. B. Hardt 255.4 acre tract. Same being an interior corner of this tract.

THENCE N. 00 degrees 25 minutes 10 seconds E. with fence and West line of Lots "C", "B" & "A", of said Adams Subdivision of the Louisa M. Adams Ranch, at 5869.93 feet pass a 3/4" iron pipe set for the Northeast corner of the E. B. Hardt 200 acre tract; same being the Southeast corner of the E. B. Hardt 95.6 acre tract, at 7159.63 feet pass a 3/4" iron pipe set for the Northeast corner of said E. B. Hardt 95.6 acre tract; same

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on February 14, 2014
Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

being the Southeast corner of the Fred Klingemann 100 acre tract and continue with same course, N. 00 degrees 25 minutes 10 seconds E. a total distance of 8395.9 feet to a 3/4" iron pipe set in the South right-of-way line of F.M. Highway No. 2102 for the upper Northwest corner of this tract.

THENCE N. 89 degrees 38 minutes E. with the South right-of-way line of F.M. Highway No. 2102, a distance of 2730.9 feet to the P.C. of a 1 degree 00 minute 32 seconds curve to the right and whence the radius point of said curve brs. S. 00 degrees 22 minutes E. 5679.65 feet.

THENCE with the right-of-way line of said highway and the arc of said curve, a distance of 1208.3 feet to the P.T. of said curve. (NOTE, the chord between said P.C. and P.T. is S. 84 degrees 16 minutes 31 seconds E. 1205.43 feet)

THENCE S. 78 degrees 11 minutes E. with the Southeast right-of-way line of said F.M. Highway No. 2102, a distance of 4902.9 feet to a 3/4" iron pipe set at the point of intersection of the West line of a 40' public road and the Southeast right-of-way line of said F.M. Highway No. 2102 for the Northeast corner of this tract.

THENCE S. 00 degrees 42 minutes 56 seconds E. with fence and East line of Lots "D", "E" & "F", of said Adams Subdivision of the Louisa M. Adams Ranch; same being the West line of said 40' public road, at 6030.9 feet fence line ends and continue with same course, S. 00 degrees 42 minutes 56 seconds E. a total distance of 9217.9 feet to a 3/4" iron pipe set for the Southeast corner of this tract and the Southeast corner of said Lot "F". Same being the Southwest corner of a 2.92 acre tract this day surveyed and being the abandoned portion of said 40' public road adjoining this tract on the East side.

THENCE S. 89 degrees 45 minutes 55 seconds W. with fence and South line of Lots "F" & "C" of said Adams Subdivision of the Louisa M. Adams Ranch, a distance of 7351.8 feet to a 3/4" iron pipe set for the Northeast corner of the Jim Tobe Atkinson 1353.04 acre tract and an angle corner of this tract.

THENCE S. 89 degrees 43 minutes W. with fence, at 1567.8 feet pass the Southeast corner of said Tract No. 7 (150 acres); same being the Southwest corner of Lot "C" of said Adams Subdivision of the Louisa M. Adams Ranch and continue with same course, S. 89 degrees 43 minutes W. a total distance of 4239.65 feet to

VOL 459 PAGE 623

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___February 14, 2014___

Carol Swize, County Clerk
Karnes County, Texas
By Deputy

a 3/4" iron pipe set for the upper Northwest corner of Jim Tobe Atkinson 1353.04 acre tract and an angle corner of this tract.

THENCE S. 89 degrees 39 minutes 19 seconds W. with fence, a distance of 663.1 feet to a 3/4" iron pipe set for the Southwest corner of said Tract No. 7 (150 acres) and the Southwest corner of this tract.

THENCE N. 00 degrees 06 minutes 15 seconds W. with fence and East line of said 40' public road, a distance of 1956.2 feet to the place of BEGINNING.

The above described tract or parcel of land CONTAINS 2177.60 acres as surveyed by Chas. Klumpp, Jr., Registered Public Surveyor No. 38, during the month of March, 1973.

SECOND TRACT:

All that certain 1222.5 acre tract or parcel of land situated within the Henry S. Brown Survey, A-32; Karnes County, Texas, and being all of that certain 250 acres described as Tract No. 1; all of that certain 250 acres described as Tract No. 2; 628.4 acres, being a portion of that certain 2642.5 acres described as Tract No. 4 and all of that certain 100 acres described as Tract No. 5, in a Deed dated March 1, 1973, from Ernest Poenisch, Jr., et al, to Samuel F. Marshall, et ux, recorded in Volume 419, Pages 740-752, Deed Records of Karnes County, Texas, and being all of Lots Nos. 11, 12, 13, 14, 15, 16, 19, 20, 21, 22 and 23, and the South one-half of Lot No. 10 of the Adams Subdivision of the Louisa M. Adams Ranch as recorded on a map or plat of said ranch appearing of record in Volume 1, Page 15, Map Records of Karnes County, Texas, and being also shown on a map or plat of the Poenisch Ranch recorded in Volume 3, Page 22, Map Records of Karnes County, Texas, to which Deed and the maps and the record thereof, reference is here made for all purposes.

Said 1222.5 acre tract or parcel of land being more particularly described by metes and bounds as follows:

BEGINNING at a 3/4" iron pipe set in the North right-of-way line of F.M. Highway No. 2102 at a point where it intersects the East line of a county road and being on the West line of the Henry S. Brown Survey, A-32, for the Southwest corner of this tract and from whence the Southwest corner of the Henry S. Brown Survey, A-32 brs. S. 20 degrees 39 minutes 47 seconds E. 5537.1 feet.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___February 14, 2014___

Carol Swize, County Clerk
Karnes County, Texas
By_____ Deputy

THENCE N. 20 degrees 39 minutes 47 seconds W. with fence; same being the East line of aforementioned county road and the West line of the Henry S. Brown Survey, A-32, a distance of 4922.9 feet to a 3/4" iron pipe set in same for the most Westerly Northwest corner of this tract and the Southwest corner of the D. B. Scott 352.8 acre tract. Same being the Southwest corner of Lot No. 18 and the Northwest corner of Lot No. 19 of the Adams Subdivision of the Louisa M. Adams Ranch.

THENCE N. 70 degrees 03 minutes E. with fence, a distance of 3580.81 feet to a 3/4" iron pipe set for an interior corner of this tract and an exterior corner of the D. B. Scott 352.8 acre tract. Same being the common corner of Lots Nos. 10, 11, 18 and 19, of the Adams Subdivision of the Louisa M. Adams Ranch.

THENCE N. 21 degrees 01 minute 28 seconds W. with fence, a distance of 619.3 feet to a 3/4" iron pipe set in the common line of Lots Nos. 10 and 18 of the Adams Subdivision of the Louisa M. Adams Ranch for the most Northerly Northwest corner of this tract and an interior corner of the D. B. Scott 352.8 acre tract.

THENCE N. 69 degrees 56 minutes 04 seconds E. with fence, a distance of 3490.9 feet to a 3/4" iron pipe set in the West line of a county road for the northeast corner of this tract and from whence the Southeast corner of a 198.24 acre tract this day surveyed brs. N. 21 degrees 08 minutes 20 seconds W. 1860.6 feet.

THENCE S. 21 degrees 08 minutes 20 seconds E. with fence and West line of aforementioned county road, a distance of 10,054.4 feet to a 3/4" iron pipe set in same at a point where it intersects the North right-of-way line of F.M. Highway No. 2102 for the Southeast corner of this tract.

THENCE with fence and North right-of-way line of F.M. Highway No. 2102 as follows:

N. 78 degrees 11 minutes W. 8109.0 feet, post;
N. 78 degrees 55 minutes 40 seconds W. 232.65 feet, post and
N. 65 degrees 02 minutes 46 seconds W. 161.3 feet to the place of BEGINNING.

The above described tract or parcel of land CONTAINS 1222.5 acres as surveyed by Chas. Klumpp, Jr., Registered Public Surveyor No. 38, during the month of March, 1973.

THIRD TRACT:

All that certain 400.78 acre tract or parcel of land situated within the Henry S. Brown

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on February 14, 2014



Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

Survey, A-32; Karnes County, Texas and being all of that certain 400 acres described as Tract No. 3 in a Deed dated March 1, 1973, from Ernest Poenisch, Jr., et al, to Samuel F. Marshall, et ux, recorded in Volume 419, Pages 740-752, Deed Records of Karnes County, Texas, and being all of Lots Nos. 3, 4, 5 and 6, of the Adams Subdivision of the Louisa M. Adams Ranch as recorded on a map or plat of said ranch appearing of record in Volume 1, Page 15, Map Records of Karnes County, Texas, and being also shown on a map or plat of the Poenisch Ranch recorded in Volume 3, Page 22, Map Records of Karnes County, Texas, to which Deed and maps and the record thereof, reference is here made for all purposes.

Said 400.78 acre tract or parcel of land being more particularly described by metes and bounds as follows:

BEGINNING at a 3/4" iron pipe set in the West line of the Rudolph Best 553.71 acre tract for the Southeast corner of this tract and the Northeast corner of the J. T. & E. V. Kowalik 183.9 acre tract. Same being the Southeast corner of said Lot No. 6 and the Northeast corner of Lot No. 7 of the said Adams Subdivision of the Louisa M. Adams Ranch and from whence the Southwest corner of the Henry S. Brown Survey, A-32 brs as follows: S. 21 degrees 09 minutes 02 seconds E. 3189.8 feet and approximately S. 70 degrees W., 10,000 feet.

THENCE S. 69 degrees 44 minutes 36 seconds W. with fence, a distance of 2700.13 feet to a 3/4" iron pipe set in the East line of a county road for the Southwest corner of this tract.

THENCE N. 21 degrees 09 minutes 53 seconds W. with fence and East line of aforementioned county road, a distance of 6471.33 feet to a 3/4" iron pipe set in same for the Northwest corner of this tract.

THENCE N. 70 degrees 02 minutes 07 seconds E. with fence, a distance of 2701.98 feet to a 3/4" iron pipe set in the West line of the Lillian C. Sullivan et al 217.27 acre tract for the Northeast corner of this tract and the Southeast corner of the W. E. Lamb 200 acre tract. Same being the Southeast corner of Lot No. 2 and the Northeast corner of Lot No. 3 of the Adams Subdivision of the Louisa M. Adams Ranch.

THENCE S. 21 degrees 09 minutes 02 seconds E. with fence, a distance of 6457.55 feet to the place of BEGINNING.

The above described tract or parcel of land CONTAINS 400.78 acres as surveyed by Chas. Klumpp, Jr., Registered Public Surveyor No. 38, during the month of March, 1973.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on _Febrary 14, 2014_

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

## FOURTH TRACT:

All that certain 198.24 acre tract or parcel of land situated within the Henry S. Brown Survey, A-32; Karnes County, Texas, and being all of that certain 200 acres described as Tract No. 6 in a Deed dated March 1, 1973, from Ernest Poenisch, Jr., et al, to Samuel F. Marshall, et ux, recorded in Volume 419, Pages 740-752, Deed Records of Karnes County, Texas, and being also shown on a map or plat of the Poenisch Ranch recorded in Volume 3, Page 22, Map Records of Karnes County, Texas, to which Deed and map and the record thereof, reference is here made for all purposes.

Said 198.24 acre tract or parcel of land being more particularly described by metes and bounds as follows:

BEGINNING at a 3/4" iron pipe set in the North line of Lot No. 9 of the Adams Subdivision of the Louisa M. Adams Ranch as recorded in Volume 1, Page 15, Map Records of Karnes County, Texas, same being the North line of the D. B. Scott 352.8 acre tract for the Southwest corner of this tract and the Southeast corner of the M. H. Ryan 150 acre tract and from whence the Northeast corner of a 1222.5 acre tract this day surveyed brs. as follows:

N. 69 degrees 59 minutes 54 seconds E. 2740.44 feet, and
S. 21 degrees 08 minutes 20 seconds E. 1860.6 feet. From said 3/4" iron pipe the Southwest corner of the Henry S. Brown Survey A-32 brs as follows:

S. 69 degrees 59 minutes 54 seconds W. 4310.4 feet, and
S. 20 degrees 39 minutes 47 seconds E. 12,942 feet.

THENCE N. 21 degrees 21 minutes W. with fence, a distance of 3195.0 feet to a 3/4" iron pipe set in the South right-of-way line of F.M. Highway No. 99 for the Northwest corner of this tract.

THENCE N. 70 degrees 09 minutes E. with fence and South right-of-way line of F.M. Highway No. 99, a distance of 2352.24 feet to a post set in same for the most Northerly Northeast corner of this tract and the Northwest corner of the Serapio De La Garza 1.0 acre tract as recorded in Volume 321, Page 557, Deed Records of Karnes County, Texas.

THENCE S. 20 degrees 43 minutes E. with fence, a distance of 212.4 feet to a post set for an interior corner of this tract and the Southwest corner of the Serapio De La Garza 1.0 acre tract.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___February 14, 2014___



Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

THENCE N. 69 degrees 26 minutes E. with fence, a distance of 207.8 feet to a post set in the West line of the Coy City Baptist Church tract for an exterior corner of this tract and the Southeast corner of the Serapio De La Garza 1.0 acre tract.

THENCE S. 19 degrees 30 minutes E. with fence, a distance of 216.0 feet to a post set for an interior corner of this tract and the Southwest corner of the Coy City Baptist Church tract.

THENCE N. 68 degrees 23 minutes E. with fence, a distance of 200.0 feet to a 3/4" iron pipe set in the West line of a county road for the most Easterly Northeast corner of this tract and the Southeast corner of the Coy City Baptist Church tract.

THENCE S. 21 degrees 08 minutes 20 seconds E. with fence and West line of aforementioned county road, a distance of 2767.6 feet to a 3/4" iron pipe set in same for the Southeast corner of this tract and the Northeast corner of the D. B. Scott 352.8 acre tract.

THENCE S. 69 degrees 59 minutes 54 seconds W. with fence, a distance of 2740.44 feet to the place of BEGINNING.

The above described tract or parcel of land CONTAINS 198.24 acres as surveyed by Chas. Klumpp, Jr., Registered Public Surveyor No. 38, during the month of March, 1973.

FIFTH TRACT:

All that certain 2.92 acre tract or parcel of land situated within the Karnes County School Land Survey, A-168 and the Edward Garner Survey, A-129, Karnes County, Texas and being that abandoned portion of a 40' public road lying between Lots "F" and "I", of the Adams Sub-division of the Louisa M. Adams Ranch as recorded on a map or plat of said ranch appearing of record in Volume 1, Page 15, Map Records of Karnes County, Texas, and being also shown on a map or plat of the Poenisch Ranch recorded in Volume 3, Page 22, Map Records of Karnes County, Texas, to which maps and the record thereof, reference is here made for all purposes.

Said 2.92 acre tract or parcel of land being more particularly described by metes and bounds as follows:

BEGINNING at a 3/4" iron pipe set for the Southeast corner of said Lot "F" of said Adams Subdivision of the Louisa M. Adams Ranch for the Southwest corner of this tract and the Southeast corner of a 2177.60 acre tract this day surveyed.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful cust-ody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___February 14, 2014___
Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

THENCE N. 00 degrees 42 minutes 56 seconds W. with the East line of said Lot "F", same being the West line of the abandoned portion of said 40' public road, a distance of 3187.0 feet to the Northwest corner of this tract.

THENCE N. 89 degrees 45 minutes 55 seconds E. a distance of 40.0 feet to the Northeast corner of this tract in the West line of Lot "I" of said Adams Subdivision of the Louisa M. Adams Ranch.

THENCE S. 00 degrees 42 minutes 56 seconds E. with fence and West line of said Lot "I", same being the East line of the abandoned portion of said 40' public road, a distance of 3187.0 feet to the Southeast corner of this tract, same being the Southwest corner of said Lot "I".

THENCE S. 89 degrees 45 minutes 55 seconds W. a distance of 40.0 feet to the place of BEGINNING.

The above described tract or parcel of land CONTAINS 2.92 acres as surveyed by Chas. Klumpp, Jr., Registered Public Surveyor No. 38, during the month of March, 1973.

This conveyance is made and accepted, subject to the following:

(1) Pipeline Easement dated August 5, 1926, recorded in Volume 72, Page 384, of the Deed Records of Karnes County, Texas, from Lou M. Adams, to Magnolia Pipeline Company.

(2) Pipeline Easement dated January 15, 1949, recorded in Volume 184, Page 55, of the Deed Records of Karnes County, from Ernest M. Poenisch, Jr., to Atlantic Pipeline Company.

(3) Pipeline Easement dated March 28, 1947, recorded in Volume 167, Page 210, of the Deed Records of Karnes County, Texas, to Southern Pipeline Company.

(4) Pipeline Easement dated March 28, 1947, recorded in Volume 167, Page 216, of the Deed Records of Karnes County, Texas, to Southern Pipeline Company.

(5) Pipeline Easement dated January 6, 1972, recorded in Volume 401, Page 348, of the Deed Records of Karnes County, Texas, from Ernest Poenisch, to El Oso Area Water Supply Corporation.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on February 14, 2014
Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

VOL 459 PAGE 629

(6)  One-fourth (1/4) royalty interest, the royalties and other rights described in an instrument from M. H. Forrister, et ux, to Cecil E. Burney, dated November 19, 1955, and recorded in Volume 238, Page 358, of the Deed Records of Karnes County, Texas, covering 250 acres of land, more or less, reference to said Deed is here made for all purposes.

(7)  One-sixteenth (1/16) non-participating royalty interest, the royalties and other rights described in an instrument from San Antonio Joint Land Bank, to Mary G. Poenisch, dated July 15, 1942, recorded in Volume 129, Page 59, of the Deed Records of Karnes County, Texas, covering 250 acres of land, more or less, reference to said Deed is here made for all purposes.

(8)  One-fourth (1/4) royalty interest, the royalties and other rights described in an instrument from Clayton E. Poenisch, et al, to Sea Shores Lands Inc., dated November 30, 1961, recorded in Volume 315, Page 429, of the Deed Records of Karnes County, Texas, covering 104 acres of land, more or less, reference to said Deed is here made for all purposes.

(9)  One-fourth (1/4) royalty interest, the royalties and other rights described in an instrument from Clayton E. Poenisch, et al, to Sea Shores Lands Inc., dated December 19, 1961, recorded in Volume 315, Page 433, of the Deed Records of Karnes County, Texas, covering 400 acres of land, more or less, reference to said Deed is here made for all purposes.

(10)  One-half (1/2) royalty interest, the royalties and other rights described in an instrument from Karnes City Motor Company, dated October 14, 1950, recorded in Volume 195, Page 290, of the Deed Records of Karnes County, Texas, covering 200 acres of land, more or less, reference to said Deed is here made for all purposes.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on February 14, 2014
Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy


(11) Those certain royalty interests, the royalties and other rights described in an instrument from Ernest Poenisch, Jr., et al, to Samuel F. Marshall and wife, Rebecca Marshall, dated March 1, 1973, recorded in Volume 419, Page 740, of the Deed Records of Karnes County, Texas, covering the lands therein described, reference to said Deed is here made for all purposes.

(12) Powerline Easement granted to City Public Service Board, as reflected in Cause No. 6652 City Public Service Board vrs. Ernest Poenisch, Sr., et al, in the County Court at Law, sitting in Karnes County, Texas.

(13) Oil, Gas and Mineral Lease dated July 29, 1974, recorded in Volume 438, Page 629, of the Deed Records of Karnes County, Texas, from Samuel F. Marshall, et ux, to Lee Gilliland.

(14) Oil, Gas and Mineral Lease dated August 6, 1976, recorded in Volume 458, Page 787, of the Deed Records of Karnes County, Texas, from Samuel F. Marshall and wife, Rebecca Marshall, to John A. Hicks.

(15) Oil, Gas and Mineral Lease dated October 5, 1976, recorded in Volume 458, Page 791, of the Deed Records of Karnes County, Texas, from Samuel F. Marshall and wife, Rebecca Marshall, to John A. Hicks.

TO HAVE AND TO HOLD the above described premises, subject to the above mentioned exceptions, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said MARGARET ROSE TURNBULL, her heirs and assigns forever; and we do hereby bind ourselves, our heirs, executors and administrators, to WARRANT and FOREVER DEFEND, all and singular, the said premises, subject to the above mentioned exceptions, unto the said MARGARET ROSE TURNBULL, her heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

But it is expressly agreed that the Grantors herein expressly reserve and retain for themselves, their heirs and assigns, the vendor's lien as well as the superior title in and to the above described property, premises and improvements, until the notes

VOL 459 PAGE 631

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on February 14, 2014



Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

and indebtedness herein assumed by Grantee, and the notes herein executed by Grantee and payable to the order of the Grantors, have been fully paid, according to the face, tenor, effect and reading, when this Deed shall become absolute.

EXECUTED, this the 3rd day of December, 1976.

Samuel F. Marshall

Rebecca Marshall

STATE OF TEXAS X

COUNTY OF KARNES X

BEFORE ME, the undersigned authority, on this day personally appeared SAMUEL F. MARSHALL and wife, REBECCA MARSHALL, known to me to be the persons whose names are subscribed to the foregoing instrument and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE on this the 3rd day of December, 1976.

Ruthie Kowal

NOTARY PUBLIC, KARNES COUNTY, TEXAS

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on February 14, 2014


Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

VOL 459 PAGE 632



96437

SAMUEL F. MARSHALL, ET UX

TO

MARGARET ROSE TURNBULL

WARRANTY DEED

VOL 459 PAGE 633

14.00

Filed for Record the 3 day of Dec A.D. 19 76 at 1:30 o'clock P M

ELIZABETH SWIZE
Clerk County Court, Karnes County, Texas
By Olia Gonzez Deputy

LONG AND WHITEHEAD
ATTORNEYS AT LAW
PROFESSIONAL BUILDING
KARNES CITY, TEXAS 78118

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic
copy of the original record now in my lawful cust-
ody and possession, as the same is recorded in
the Official Public records in my office, and I
hereby certify on February 14, 2014

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy




RECORDED THIS 9 DAY OF Dec 1976 A.D., AT 8:50 O'CLOCK Q M.

ELIZABETH SWIZE, COUNTY CLERK    BY Sherry Salyer DEPUTY

E

NOTICE Prepared by the State Bar of Texas for use by Lawyers Only.
To select the proper form, fill in blank spaces, strike out form provisions
or insert special terms constitutes the practice of law. No "standard
form" can meet all requirements.

# QUITCLAIM DEED

VOL 480 PAGE 810

THE STATE OF TEXAS

COUNTY OF KARNES

KNOW ALL MEN BY THESE PRESENTS:

That we, Samuel F. Marshall and wife, Rebecca Marshall,

of the County of....... Harris ........., State of.... Texas .........., for and

in consideration of the sum of........ Ten ($10.00) .........DOLLARS

in hand paid by the grantee .. herein named, the receipt of which is hereby acknowledged, have QUIT-

CLAIMED, and by these presents do QUITCLAIM unto ...Paul R. Turnbull, Jr., as his....

.........sole and separate property,................................ of the

County of........ Nueces ........., State of.... Texas .........., all of....our.....right,

title and interest in and to the following described real property situated in....... Karnes ............County,

Texas, to-wit:

That certain land being lettered Lots A, B, C, D, E and F; Lots
Number 3, 4, 5, 6, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22 and 23;
and the South One-Half (S½) of Lot Number 10 all of such lots
being of the Adams Subdivisions of the Louis M. Adams Ranch out of
the Henry S. Brown Survey and the Karnes County School Land Survey.

TO HAVE AND TO HOLD all of.......our.....right, title and interest in and to the above described property

and premises unto the said grantee...; ......his......heirs and assigns forever, so that neither .......we.........nor

........our....... heirs, legal representatives or assigns shall have, claim or demand any right or title to the

aforesaid property, premises or appurtenances or any part thereof.

EXECUTED this........ 7 ......day of......... August ..........., A. D. 19..78...

*Samuel F. Marshall*
Samuel F. Marshall

*Rebecca Marshall*
Rebecca Marshall

THE STATE OF TEXAS

COUNTY OF Harris

VOL **480** PAGE **811**

Before me, the undersigned authority, on this day personally appeared   Samuel F. Marshall

known to me to be the person .. whose name.....   .. subscribed to the foregoing instrument, and acknowledged to me that he . executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the _____ 7 _____ day of _August_ , A. D. 19 78 .

_Marie S Powers_

Notary Public in and for  Harris _____ County, Texas.

MARIE S. POWERS

(Acknowledgment)

THE STATE OF TEXAS

COUNTY OF  Harris

Before me, the undersigned authority, on this day personally appeared   Rebecca Marshall

known to me to be the person... whose name.....   .. subscribed to the foregoing instrument, and acknowledged to me that she.. executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office on this the _____ 7 _____ day of _August_ , A. D. 19 78 .

_Marie S Powers_

Notary Public in and for  Harris _____ County, Texas.

MARIE S. POWERS

2104

QUITCLAIM DEED

SAMUEL F. MARSHALL, et ux

TO

PAUL R. TURNBULL, JR.

Filed for Record the 15 day of Sept A.D. 19 78 at 2:00 o'clock a. M.

ELIZABETH SWIZE
Clerk County Court Harris County, Texas
By Elizabeth Swize Deputy

PREPARED IN THE LAW OFFICE OF:

ROBERT B. WALLACE
1006 Guaranty Bank Plaza
Corpus Christi, Texas 78475

PLEASE RETURN TO:

ROBERT B. WALLACE
1006 Guaranty Bank Plaza
Corpus Christi, Texas 78475

RECORDED THIS THE 21 DAY OF Sept A.D., 1978, AT 8:55 O'CLOCK a. M.

ELIZABETH SWIZE, COUNTY CLERK          BY Alva Jones DEPUTY